[No. 2617.   Decided May 28, 1897.]

THE STATE OF WASHINGTON *on the Relation of Frederick D. Chamberlin et al., Respondents,* v. J. W. DANIEL, *as County Assessor of the County of Spokane, Appellant.*

TAXATION — EXEMPTIONS OF PRIVATE PROPERTY — CONSTITUTIONALITY.

Only public property, and that of a quasi public character, can be exempt from taxation under the provisions of § 1, art. 7, of the state constitution, declaring that " all property in the state not exempt under the laws of the United States or under this constitution, shall be taxed in proportion to its value;" and under § 2, art. 7, declaring that " the legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money, and shall prescribe such regulations by general law as shall secure a just valuation for taxation of all property, so that every person shall pay a tax in proportion to the value of his, her or its property;  .  .  . provided further, that the property of the United States, and of the state, counties, school districts and other municipal corporations, and such other property as the legislature may by general laws provide, shall be exempt from taxation."

The provisions of the revenue law of 1897 (Laws 1897, p. 139, § 5, subds. 6, 8) exempting each person from taxation on personal property to an amount not exceeding $500, and, also, improve-

ments upon land to a like amount, are in conflict with art. 7, §§ 1, 2 of the constitution forbidding the exemption of private property from taxation, and are therefore void.

Appeal from Superior Court, Spokane County.—Hon. L. H. Prather, Judge.   Affirmed.

*John A. Pierce*, and *Harris Baldwin*, for appellant.
*Blake & Post*, for respondents.

The opinion of the court was delivered by

Dunbar, J.—This was a proceeding by the respondents in the court below for a writ of prohibition against the appellant, as the assessor of Spokane county, prohibiting him from allowing the exemptions provided for in subds. 6 and 8 of § 5 of the revenue law passed by the last legislature.   These provisions of the law exempt each person liable to assessment from taxation on personal property to an amount not exceeding $500, and, also, improvements upon land of each person liable to assessment to an amount not exceeding $500.   It is contended that these provisions of the statute are unconstitutional as being in conflict with §§ 1 and 2 of art. 7 of the constitution.   A demurrer was filed to the respondents' complaint, which was overruled, and, appellant refusing to plead further, final judgment was rendered directing the issuance of a writ of prohibition against the appellant, as prayed for in the complaint.   From this judgment the present appeal is prosecuted.

Sections 1 and 2 of art. 7 of the constitution, under the title of "Revenue and Taxation," are as follows:

"Sec. 1. All property in the state, not exempt under the laws of the United States, or under this constitution, shall be taxed in proportion to its value, to be ascertained as provided by law.   The legislature shall provide by law for an annual tax sufficient, with other sources of revenue,

to defray the estimated ordinary expenses of the state for each fiscal year. And for the purpose of paying the state debt, if there be any, the legislature shall provide for levying a tax annually, sufficient to pay the annual interest and principal of such debt within twenty years from the final passage of the law creating the debt.

" Sec. 2. The legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money, and shall prescribe such regulations by general law as shall secure a just valuation for taxation of all property, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property; provided, that a deduction of debts from credits may be authorized; provided, further, that the property of the United States, and of the state, counties, school districts and other municipal corporations, and such other property as the legislature may by general laws provide, shall be exempt from taxation."

It is the contention of the respondents that the constitution, in both §§ 1 and 2, provides especially for the taxation of all property and that the clause in the latter part of the second proviso of § 2, viz.: "and such other property as the legislature may by general laws provide," must be construed to mean such other property of like kind and character as the property especially described in the proviso. In other words that it falls within the rule of *ejusdem generis*. The contention of the appellant, however, is that the rule of *ejusdem generis* is not applicable in the construction of this law, and it was argued with much force by the attorney who supported the legality of the law in the case of *Buchanan v. Bauer*, a companion case which was argued in conjunction with, and at the same time as, this case, that inasmuch as the proviso mentions specially property of the United States and of the state, counties, school districts and other municipal corporations, the genus or class of property which was com-

8—17 WASH.

prised in the proviso was made full and complete by the use of the expression, " and other municipal corporations," and that consequently there was no room for the application of the rule of *ejusdem generis,* so far as the other expression, " such other property," is concerned, and that necessarily the expression, " such other property," referred to property outside and independent of the class of properties enumerated. To a student of technical logic, this argument would appeal very strongly, but it is doubtful if the members of the constitutional convention indulged in so fine a discrimination of the use of words and phrases and were governed by such refined distinctions. It may be conceded that the rule which is urged by the appellant in this case is the correct one and must be followed by the court, viz.: that where the language of the act is plain and unambiguous there is no room for construction. Also, it may be conceded that the policy or impolicy of the law is a matter which the courts will not consider, but that that is a consideration resting entirely within the discretion of the legislature.

Mr. Sutherland, in his work on Statutory Construction, § 238, says:

" When the meaning of a statute is clear, and its provisions are susceptible of but one interpretation, that sense must be accepted as the law; its consequences, if evil, can only be avoided by a change of the law itself, to be effected by the legislature, and not by judicial construction."

And this, no doubt, is the accepted rule, but there are some qualifications or rather explanations, of this rule, one of which the author just above quoted proceeds to give in the following language:

" But an interpretation of a statute which must lead to consequences which are mischievous and absurd is inad-

missible, if the statute is susceptible of another interpretation by which such consequences can be avoided."

Another qualification is, that

" Where words conflict with each other, where the different clauses of the instrument bear upon each other, and would be inconsistent unless the natural and common import of the words be varied, construction becomes necessary."

If the proviso mentioned were to be construed alone, there is little doubt that it would bear the construction contended for by appellant, but in this instance it becomes necessary under all the rules of construction to consider the proviso with reference to the whole section. Mr. Sutherland, in § 239, in speaking on this subject, says:

" The practical inquiry is usually what a particular provision, clause or word means. To answer it one must proceed as he would with any other composition—construe it with reference to the leading idea or purpose of the whole instrument. The whole and every part must be considered. The general intent should be kept in view in determining the scope and meaning of any part. This survey and comparison are necessary to ascertain the purpose of the act and to make all the parts harmonious. They are to be brought into accord, if practicable, and thus, if possible, give a sensible and intelligible effect to each in furtherance of the general design. A statute should be so construed as a whole, and its several parts, as most reasonably to accomplish the legislative purpose. If practicable, effect must be given to all the language employed, and inconsistent expressions are to be harmonized to reach the real intent of the legislature."

Again, in § 240:

" The presumption is that the lawmaker has a definite purpose in every enactment, and has adapted and formulated the subsidiary provisions in harmony with that purpose."

So in the constitutional provisions under discussion, to obtain the actual meaning of the clause, " and such other property as the legislature may by general laws provide shall be exempt from taxation," such clause must be read in connection with the act in which it occurs, and with relation to the subject matter under consideration by the law-making power, and the relation that it bears to other provisions of the same act. This clause, as all other clauses in the act, must be read, if possible, in harmony with the other provisions of the section or act.

Another rule of interpretation is, that an act must be so construed that every part of the act and every legislative expression will, if possible, be given effect. And still another, that in case a proviso to an act is absolutely inconsistent with the provisions of the principal act and one cannot stand with the other, the proviso must be sacrificed to the life of the principal act. These canons of interpretation are, however, at the most, aids to construction, and after all it becomes the duty of the court to determine, if possible, what the real intention of the lawmakers was.

There is, however, a principle of construction which applies to statutes, viz.: a principle of strict construction, that does not apply to the construction of constitutions.

"A constitution," says Mr. Endlich in his Interpretation of Statutes, § 526, " is 'intended for the benefit of the people and must receive a liberal construction.' 'The principle of strict construction would frustrate important provisions in every newly constructed frame of government.' Such is the general rule, the key note, as it were, of all interpretation of constitutional provisions, and is in harmony with the principles already discussed."

Another rule of construction invoked by the appellant in this case is that of contemporaneous construction. It appears that since the adoption of the constitution the leg-

islature has enacted exemption laws differing only in degree from the law under construction, and it is contended that the construction placed upon the constitution by the legislative bodies since the adoption of the constitution should have much weight with this court in interpreting or construing the constitution. There is no doubt that some weight ought to be given to contemporaneous construction as bearing upon the sentiment of the representatives of the people, which to a certain extent would probably indicate the mind of the law-making power and explain their expressions. Still, if contemporaneous construction of legislative acts were to have a controlling influence, no law would ever be pronounced unconstitutional, for the question is only presented to the courts after the contemporaneous construction or the enactment of the unconstitutional law. Neither can acquiescence for any length of time affect the true meaning of the constitutional enactment. This is the first time that the courts have been called upon to construe this provision of the constitution, and, if from the language of the act itself it is to be determined that there was a limitation upon the legislature in relation to the exemptions, that construction cannot in any way be affected by the lapse of time. In our judgment, this is not such a provision that the idea of construction cannot be entertained. We have examined with much patience the authorities cited by counsel and all other authorities that were obtainable, but, outside of the rules of construction just spoken of, we have received but very little aid, from the fact that our constitution is materially different from any other constitution in the Union, and the cases cited under the constitutions of different states are of very little value in construing this constitution.

Many cases are cited by the respondents from Cali-

fornia, notably *People v. McCreery*, 34 Cal. 432, where there is a very exhaustive decision on the principles involved in this case. But it is not controlling here, for the reason that the California constitution, while providing that all taxation shall be equal and uniform throughout the state and providing, as does our constitution, that all property in the state shall be taxed in proportion to its value, does not have the proviso which is the very essence of the controversy in this case, viz.: that such other property as the legislature may by general laws provide shall be exempt from taxation.

In Texas, the constitution provides as follows:

" Taxation shall be equal and uniform throughout the state. All property in this state shall be taxed in proportion to its value to be ascertained as directed by law, except such property as two-thirds of both houses of the legislature may think proper to exempt from taxation."

Under such a constitution as this the contention that there was no room for construction would be tenable.

In Missouri, the constitution provides that all property subject to taxation in this state shall be taxed in proportion to its value, and the contention in the case which came up from that state was over the meaning of the word " subject," and what property was subject to taxation.

In Minnesota, there is no doubt about the power of the legislature to exempt under the constitution, for that instrument provides:

"All taxes to be raised in this state shall be as nearly equal as may be and all property on which taxes are to be levied shall have a cash valuation to be equalized and uniform throughout the state; provided, that the legislature will by general law or special act authorize municipal corporations to levy assessments for local improvements upon the property fronting upon such improvements, or upon the property to be benefited by such improvements

without regard to a cash valuation, and in such manner as the legislature may prescribe."

There the exemptions which are authorized by the legislature are especially enumerated, and so it is with a majority of the constitutions, without specially reviewing them.

As we have before indicated, it is an acknowledged principle in the construction of laws, whether constitutional or statutory, that the court must, if possible, adopt that construction which will give force and effect to every part of the law, to every clause in a section and every word in a clause, rather than a construction which will destroy or render meaningless any portion of the law; and, applying this rule to the constitutional enactment in question, it will readily be seen that the construction contended for by appellant is illogical. The constitution provides, in the first place, that all property not exempt under the laws of the United States or under this constitution shall be taxed in proportion to its value. This is a mandatory declaration of the constitution that all property, with the exceptions mentioned, shall be taxed. Sec. 2 then further provides that the legislature shall provide a uniform and equal rate of assessment and taxation on all property in the state. Here is another announcement or declaration that all property in the state shall be taxed, and, if there are any exemptions, they must be especially and clearly indicated. The constitution makers seem to have exhausted the English language almost in attempting to secure a just and equal valuation for taxation of all property, for they explain the reason of the rule announced in the first part of § 2 as follows: " So that every person and corporation shall pay a tax in proportion to the value of his, her or its property." So that, outside of the rule of *ejusdem generis*, there is grave doubt whether the

exemption provided for in this statute could be maintained. Then comes the provision that a deduction of debts from credits *may* be authorized, and the further proviso that the property of the United States and of the state, counties, school districts and other municipal corporations, and such other property as the legislature may by general laws provide, shall be exempt from taxation.

These mandatory provisions in reference to the taxation of all property, so often reiterated, were manifestly inserted in the fundamental law for some purpose. What was the purpose? Was it to express the idea that all property, except the property of the United States and the municipal corporations, should be taxed if the legislature saw fit to tax it, and should be exempt if the legislature saw fit to exempt it? Were all these cautionary expressions and all these provisions, which would seem to be used for the purpose of securing universal and uniform taxation of property, employed merely for the purpose of exempting the property mentioned above? The adoption of this theory logically follows the appellant's contention, for if the term, " such other property," is to be given the comprehensive meaning contended for, the provision that a deduction of debts from credits may be authorized would be entirely unnesessary, for such deduction or exemption would be authorized under the general provision in relation to other property. In fact, outside of the exemption of United States and municipal corporation property, the two sections of the constitution under consideration would be absolutely meaningless and without force and effect; they would amount to nothing more than a reference of the whole subject without limitation to legislative discretion, where it is already lodged in the absence of constitutional inhibition; for it must be kept in mind that the constitution is not a grant of power but a

limitation on legislative action.   Conceding to the framers
of the constitution a knowledge of this principle of law
and of the further principle referred to above, that the tax-
ing power is inherent in sovereignty and that the legisla-
ture possesses it under the general grant of the legislative
power, entirely independent of constitutional provisions,
we must conclude that the constitutional announcement
that all property shall be taxed was not intended as a grant
of power but was intended as a limitation on legislative
exemptions, if it had any office at all; but all effect as a
limitation, as we have before indicated, is destroyed by
adopting the contention that the words, " other property,"
used in the proviso, give the legislature power to exempt
all property.   Thus it will be seen that this contention can
be adopted only by imputing to the framers of our funda-
mental law ignorance of the force and effect of constitu-
tional law or an indulgence in declamatory vaporings.   We
do not think it necessary in this case to resort to imputa-
tion, but think a reasonable construction can be placed
upon the enactment which will give intelligent force and
effect to each separate provision of the law, viz.: that the
use of the expression, " other property," in the proviso was
as a matter of caution, on the supposition that the special
enumeration might not have embraced all public property,
and that the changing conditions of society and of business,
and changes of law, might create public property not then
in existence.   It is not unreasonable to conclude that in
this connection they had also reference to property which
is of *quasi* public nature and which it has been customary
for legislatures to exempt from taxation, such as charitable
institutions, public libraries, cemeteries and a similar class
of properties.   It cannot truthfully be said that such prop-
erty is strictly private property.   It does not enter into
competition with private property.   The public has an in-

terest in such property and in its maintenance. A public library, for instance, is for the exclusive benefit of the public. Its office is to develop the more intelligent and better citizenship. Such a consummation would benefit the state even from a financial standpoint. Charitable organizations perform services which the state would otherwise frequently be called upon to discharge, and the theory upon which they are exempted is that to a certain extent they relieve the state of expenses. · Under this head the framers of the constitution might also reasonably have had in contemplation household furniture to a limited amount for the benefit of very poor people, and which it was necessary for them to possess to prevent them from becoming public burdens, and in this sense it is a class of property in which the public have an interest, although to meet the requirements of the constitution as to the uniformity of taxation, the exemption must apply to all; and must specify the particular property exempted; and the same reasoning might apply to tools of trade, etc. This construction is reasonable. It harmonizes otherwise conflicting portions and makes operative the whole act.

Our conclusion is that the acts of the legislature in the particulars complained of are unconstitutional.

The judgment of the court will be affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.