[No. 14547.  Department One.  April 29, 1918.]

THE CITY OF SEATTLE, *Appellant*, v. H. N. ROTHWEILER, *Respondent*.[1]

MUNICIPAL CORPORATIONS—STREETS—SPEED — REGULATION — STATUTES—POWER OF CITY. A city has no power by ordinance to limit the rate of speed at crossings within the business district, under Laws 1917, p. 640, § 34, providing that local authorities shall have no power to pass or enforce any ordinance or regulation governing the speed of any motor vehicle except as provided in the act, provided, however, that the act shall not be construed as limiting their power to make rules and regulations governing traffic conditions not in conflict with the act; inasmuch as the act expressly prohibits it, and the proviso, if conflicting, must give way.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered November 21, 1917, dismissing a prosecution for the violation of an ordinance on appeal from a conviction in the police court. Affirmed.

*Hugh M. Caldwell, Patrick M. Tammany,* and *George A. Meagher,* for appellant.

*Roberts, Wilson & Skeel,* for respondent.

*Alfred H. Lundin* and *Everett C. Ellis, amici curiae.*

FULLERTON, J.—The respondent was accused, by a complaint filed in the police court of the city of Seattle, of having driven an automobile over one of the city streets in excess of the speed limit fixed by an ordinance of the city. On being brought before the police judge, he interposed an objection to the jurisdiction of the court, based on the ground that the ordinance on which the complaint was founded was invalid. His objection was overruled, whereupon he admitted the facts and was adjudged guilty and sentenced to pay a fine. From the judgment entered, he appealed to the supe-

[1]Reported in 172 Pac. 825.

rior court, where he renewed the objection made in the police court. The objection was there sustained and the complaint dismissed. The city appeals to this court.

The ordinance of the city of Seattle under which the respondent is charged reads as follows:

"Section 66. No person shall drive or operate any motor vehicle at a rate of speed faster than twelve miles per hour at any crossing within the main, thickly settled, or business portion of the city, nor within 100 yards of any school house on school days between eight o'clock in the morning and five o'clock in the evening, nor in any portion of the city, faster than twenty miles per hour." Ordinance No. 37,434.

The statute held by the superior court to invalidate the ordinance is found in the Laws of 1917, at page 640, and reads:

"Section 34. The local authorities shall have no power to pass or enforce any ordinance, rule or regulations governing the speed of any motor vehicle, or requiring of the owner or operator of any motor vehicle, any license other than an occupation license or a tax which may be levied in only one city or town when such motor vehicle is engaged in inter-city service, or permitted to use the public highways except as herein provided or to exclude or to prohibit any motor vehicle whose owner has complied with the provisions of this act from the free use of the public highways, and all such rules, ordinances, and regulations now in force are hereby declared to be of no validity or effect: *Provided, however,* That nothing herein shall be. construed as limiting the power of the county commissioners or local authorities to make, enforce, and maintain ordinances, rules and regulations governing traffic in addition to the provisions of this act affecting motor vehicles, but not in conflict therewith."

The ordinance was passed subsequent to the adjournment of the legislative assembly of 1917, and was made to take effect at the time the statute took effect.

The contention of the city is that, notwithstanding a statute may supersede the existing municipal regulations governing the speed of motor vehicles which are in conflict with it, it does not supersede ordinances regulating speed, nor prevent the passage of such ordinances which are not so in conflict, and it is argued that this statute expressly permits the enactment of ordinances governing traffic by motor vehicles not in conflict therewith. But we cannot so construe the statute. In the enacting part of the statute it is expressly and in terms provided that no municipality shall have power to pass or enforce any ordinance, rule, or regulation governing the speed of motor vehicles, and all such rules and ordinances then in force are declared to be of no validity or effect. If there is any modification of the specific declaration it is found in the proviso of the act. It would seem that the language there used could be construed as operative without nullifying these express provisions; but if this be not so and the two provisions are contradictory, it is the proviso and not the principal part of the statute which must give way. *State ex rel. Chamberlin v. Daniel,* 17 Wash. 111, 49 Pac. 243; *Tsutakawa v. Kumamoto,* 53 Wash. 231, 101 Pac. 869, 102 Pac. 766; *State v. Robinson,* 67 Wash. 425, 121 Pac. 848; *State ex rel. Board of Tax Commissioners v. Cameron,* 90 Wash. 407, 156 Pac. 537.

A city may, as we have many times held, enact ordinances on subjects covered by the state statutes, operative within the jurisdiction of the city, when the statute does not expressly prohibit it. *Allen v. Bellingham,* 95 Wash. 12, 163 Pac. 18. In this statute, however, there is such an express prohibition. An ordinance of a city on the same subject-matter is therefore void.

The judgment is affirmed.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.