[No. 18766. Department One. September 11, 1924.]

TULL & GIBBS, INCORPORATED, *Plaintiff*, v. J. GRANT HINKLE, *as Secretary of State, Defendant*.[1]

CORPORATIONS (20)—AMENDMENT OF ARTICLES—INCREASE OF CAPITAL STOCK—PAYMENT OF FEES—STATUTES—CONSTRUCTION. Under Rem. Comp. Stat., § 3837, providing that every corporation desiring to increase its capital stock shall pay "for the increase" the amount fixed in the schedule of § 3836, less the amount already paid, a corporation increasing its capital stock from $650,000 to $1,000,000 must pay the fee fixed in the schedule for $350,000 less the amount already paid; and the act is not susceptible of the construction that the fee shall be paid on the entire amount of its capital as increased, less the amount already paid (PARKER, J., dissenting).

Application filed in the supreme court June 20, 1924, for a writ of mandamus to compel the secretary of state to accept for filing amended articles of incorporation providing for an increase of capital stock. Granted.

*Burcham & Blair,* for plaintiff.

*The Attorney General* and *R. G. Sharpe, Assistant,* for defendant.

MACKINTOSH, J.—This is an original application for a writ of mandamus directed to the secretary of state to compel him to accept for filing the plaintiff's amended articles of incorporation providing for an increase of its capital stock.

The plaintiff is a domestic corporation which has filed with the secretary of state its original articles of

[1]Reported in 228 Pac. 599.

incorporation and several amendments, by which it has at times increased its capital stock, paying for such filings the sum of $75. It now desires to increase its capital from $650,000 to $1,000,000, and has tendered to the defendant certain amended articles, together with the sum of $125, which its contends is the proper fee. The secretary of state has refused to receive and file the articles upon the ground that the proper fee for such filing is $675. Sections 1 and 2, chap. 144, pp. 462, 463, Laws of 1923 (Rem. 1923 Sup., §§ 3836, 3837), which comprise the law in regard to the filing fees of corporations, are as follows:

"Sec. 1. That section 3836 of Remington's Compiled Statutes be amended to read as follows: Section 3836. Every corporation incorporated under the laws of this state, or of any state or territory in the United States or of any foreign state or country, required by law to file articles of incorporation in the office of the secretary of state, shall pay to the secretary of state a filing fee in proportion to its authorized capital stock as follows:

Capital not exceeding $50,000, fee $25.00;

Capital of more than $50,000, and less than $100,000, fee $40;

Capital of $100,000 or more, and less than $150,000, fee $75;

Capital of $150,000 or more, and less than $200,000, fee $100;

Capital of $200,000 or more, and less than $300,000, fee $150;

Capital of $300,000 or more, and less than $400,000, fee $200;

Capital of $400,000 or more, and less than $500,000, fee $250;

Capital of $500,000 or more, and less than $1,000,000, fee $500;

Capital of $1,000,000 or more, and less than $2,000,-000, fee $750, and $10 additional for each $1,000,000, or major fraction thereof, of capital stock in excess of $2,000,000."

"Sec. 2. That section 3837 of Remington's Compiled Statutes be amended to read as follows: Section 3837. *Every corporation,* foreign or domestic, *desiring to file* in the office of the secretary of state articles amendatory or *supplemental articles increasing its capital stock,* or certificates of increase of capital stock *shall pay* to the secretary of state *the fees prescribed in the preceding section for the increase in the capital stock of the corporation, less the amount already paid for filing the original articles of incorporation, or original articles and amendatory or supplemental articles, or certificate of increase,* and every such corporation desiring to file amendatory or supplemental articles decreasing, or certificate of decrease of capital stock, shall pay to the secretary of state a filing fee of $25. For filing of other amendatory or supplemental articles, it shall pay a fee of $10.00."

The portions italicized are the ones involved in this controversy.

The plaintiff claims that, under this act, every corporation desiring to increase its capital stock shall pay to the secretary of state the fees provided for the amount of the increase, less the amount already paid for filing of original and any amendatory articles. It is the contention of the secretary of state that every corporation desiring to increase its capital stock shall pay the fee for the entire amount of its capital as increased, less the amount already paid for filing original and any amendatory articles.

The language of the section is plain and unambiguous. It provides that "every corporation    .    .    .    desiring to file    .    .    .    articles increasing its capital stock    .    .    .    shall pay    .    .    .    the fees prescribed    .    .    .    *for the increase*    .    .    .    less the amount" already paid for filing the original or any amendatory articles. This language is not susceptible to misconstruction, and we have many

times held that where the language is plain the courts cannot give it any construction other than that it bears upon its face. *State v. Carey,* 4 Wash. 424, 30 Pac. 729; *State ex rel. Chamberlin v. Daniel,* 17 Wash. 111, 49 Pac. 243; *Point Roberts Fishing Co. v. George & Barker Co.,* 28 Wash. 200, 68 Pac. 438. The law says that the corporation desiring to increase its capital stock shall pay "for the *increase*" the amount fixed by the schedule. The increase in the instant case is $350,000, the fee fixed by the statute for that amount is $200. Subtracting from that the amount already paid for filing other articles, the balance of $125, which was tendered by the plaintiff with its amended articles, was sufficient and should have been accepted by the defendant.

The argument on behalf of the defendant is based largely upon the ground that the result obtained by applying the statute as it reads is in many cases absurd. This is probably true, and the legislature, perhaps through lack of precise forethought, has passed an act which will often lead to unexpected and undesired consequences. But this is a prerogative of the legislature and the court cannot write law where the legislature has already plainly, clearly, though possibly inadvertently, written. Relief lies in application to the legislature to reconsider the matter and enact a more scientific schedule. *Dios que da la llaga da la medicina.*

The application for the writ is granted and the secretary of state is directed to receive and file the proffered articles upon the payment of the sum tendered.

MAIN, C. J., HOLCOMB, and TOLMAN, JJ., concur.

PARKER, J. (dissenting)—I think the secretary correctly construed the law. I therefore dissent.