[No. 27937. Department One. January 13, 1941.]

THE STATE OF WASHINGTON, *on the Relation of Alex Wilson, Appellant,* v. KING COUNTY *et al., Respondents.*[1]

[1]Reported in 109 P. (2d) 291.

*James J. Molthan,* for appellant.

*B. Gray Warner* and *Lloyd W. Shorett,* for respondents.

*The Attorney General* and *Lyle Iversen, Assistant (William J. Millard, Jr.,* of counsel), *amici curiae.*

ROBINSON, C. J.—The parties to this appeal agree that it presents but one question for decision:

"Is an unemployed worker prosecuting an appeal to the superior court of the county of his residence from an order of the commissioner of the division of unemployment compensation and placement wherein he has been disqualified from receiving benefits claimed, required to pay the county clerk's docket fees as a condition precedent to filing his notice of appeal under the terms and provisions of the unemployment compensation act?"

The answer to the question lies in the proper construction to be placed upon a portion of the unemployment compensation act (chapter 162, Laws of 1937, p. 574, as amended by chapter 214, Laws of 1939, p. 818, Rem. Rev. Stat. (Sup.), § 9998-101 [P. C. § 6233-301] *et seq.*). The language requiring construction is the first complete sentence of § 13 (b), p. 850, chapter 214, Laws of 1939, Rem. Rev. Stat. (Sup.), § 9998-115 [P. C. § 6233-316] (b), which reads as follows:

"No individual claiming benefits shall be charged fees of any kind in any proceeding under this act by the commissioner or his representatives, by an appeal tribunal or by any court or any officer thereof: *Provided, however,* The individual shall pay such fees as are legal in Superior and Supreme Court. . . ."

██ The appellant contends that the proviso is so repugnant to the enacting clause which precedes it that it should be held void, and it is argued in appellant's behalf that this court is committed to the proposition that, "where a repugnancy is found to exist, as between an enacting clause and a proviso, the proviso is to be declared void." To that proposition, the following cases are cited: *State ex rel. Chamberlin v. Daniel,* 17 Wash. 111, 114, 49 Pac. 243; *Nathan v. Spokane County,* 35 Wash. 26, 76 Pac. 521, 102 Am. St. 888, 65 L. R. A. 336; *McKnight v. Hodge,* 55 Wash. 289, 297, 104 Pac. 504, 40 L. R. A. (N. S.) 1207; *State ex rel. Board of Tax Commissioners v. Cameron,* 90 Wash. 407, 414, 156 Pac. 537; *Seattle v. Rothweiler,* 101 Wash. 680, 172 Pac. 825. These cases do not commit us to that rule, although one or two of them commit us to the rule that a proviso is void when it is so completely repugnant to the enacting clause that both cannot possibly stand; that is to say, where the language of one completely neutralizes the other, as distinguished from a partial repugnancy only.

In the first of the cases cited, the *Daniel* case, there is some discussion of provisos to which we shall advert later in the opinion, but, as we read the opinion, the proviso was not declared void on the ground of repugnancy, but because it was unconstitutional in substance. And this was certainly the case in *Nathan v. Spokane County;* for, after discussing the divergent rules concerning the construction of provisos and saving clauses without stating any definite conclusion about the matter, the court said:

"Be this rule of construction as it may, the foregoing distinction is without significance, as applied to the facts in the action at bar, since we have reached the conclusion that the proviso of the above statute is void on constitutional grounds, and must therefore be rejected."

The case of *McKnight v. Hodge,* the third case cited, is an instance of complete repugnance. We quote the actual decision:

"We are of the opinion that, where a proviso is wholly repugnant to the purview of the law, as it is here, it is inoperative and void."

In the fourth case cited, *State ex rel. Board of Tax Commissioners v. Cameron,* the court's actual decision is found in these words:

"But if it be said that the proviso will bear no other construction than that last suggested, then we answer that it must be rejected as in violation of the constitution."

The fifth case cited, *Seattle v. Rothweiler,* is another case of complete repugnance.

There has been a wide diversity of opinion concerning the effect of a proviso which is wholly repugnant to the matter which precedes it. In such a case at common law, the proviso prevailed, upon the theory that it was the latest expression of the legislative will. This seems to be the law of England still, for it is said at page 13d of Maxwell on Interpretation of Statutes (8th ed.), an English work published in 1937, that, where the proviso, appended to the enacting part, is repugnant to it, it unquestionably repeals the enacting part. This rule was formerly, and perhaps still is, recognized in some of the states. An example is: *Arnett v. State,* 168 Ind. 180, 80 N. E. 153, 8 L. R. A. (N. S.) 1192. But it is said in that case, citing decisions from other states to support the statement, that it is a rule of necessity and of last resort, never to be employed when the actual intent of the legislature can be ascertained.

However, there is no doubt but that the great weight of American authority is directly to the opposite effect, the modern and majority rule being that, where there

is complete repugnancy, the enacting part of the statute stands and the proviso falls.

"The true rule is that a proviso or saving clause which is directly repugnant to the purview or body of the act is inoperative and void for repugnancy." 25 R. C. L., Statutes, 987, § 232.

This has uniformly been the rule of this court. It is recognized in several of the cases cited by the appellant, including the early case of *State ex rel. Chamberlin v. Daniel, supra.* In that case, Judge Dunbar, speaking for the court, said:

"Another rule of interpretation is, that an act must be so construed that every part of the act and every legislative expression will, if possible, be given effect. And still another, that in case a proviso to an act is absolutely inconsistent with the provisions of the principal act and one cannot stand with the other, the proviso must be sacrificed to the life of the principal act. These canons of interpretation are, however, at the most, aids to construction, and after all it becomes the duty of the court to determine, if possible, what the real intention of the lawmakers was."

We make the foregoing quotation for a double purpose. Its second sentence states the rule to be applied when the proviso, and the portion of the statute it follows or relates to, are so wholly repugnant and inconsistent that they cannot stand together. The first sentence points the way to the rule to be applied where the proviso merely limits the application of the general statement preceding it. It is said in *Foster v. United States,* 47 F. (2d) 892:

"It may be said in general that every part of the act must be given effect where it is possible so to do, and that a proviso should, in general, be construed as a limitation or qualification upon the otherwise general application of a statute. Whether in a given case the proviso does in fact limit or qualify, and, if so, to what extent, depends primarily on the proviso itself."

The appropriate rule is stated in *Olson v. Heisen,* 90 Ore. 176, 175 Pac. 859:

"Furthermore, the instant case must be distinguished from all those cases where the purview and a proviso are wholly inconsistent with each other so that the language of one completely neutralizes the language of the other; for here the conflict between the words of the purview and the language of the proviso is only partial. . . .

"Although there may be some contrariety of opinion among the courts as to the rule to be applied where the purview and a proviso are entirely inconsistent with each other, nevertheless the precedents are practically unanimous where there is only a partial inconsistency; and the general rule is that where there is only a partial inconsistency the proviso prevails to the extent of the inconsistency. [Citing cases and texts.]"

We requote that portion of the statute under construction:

"No individual claiming benefits shall be charged fees of any kind in any proceeding under this act by the commissioner or his representatives, by an appeal tribunal or by any court or any officer thereof: *Provided, however,* The individual shall pay such fees as are legal in Superior and Supreme Court. . . ."

The words "appeal tribunal" refer to tribunals set up in another part of the act. It is clear that the words of the proviso do not completely neutralize the words of the enacting clause. It is inconsistent only with the last eight words, and, since it is our duty to give effect to every part of the act, if it is possible to do so, we must treat the proviso as performing the function of a limitation or exception.

Furthermore, the legislative history of the act shows unmistakably that it was the legislative intention to require the payment of "such fees as are legal in Superior and Supreme Court."

The unemployment compensation act was originally introduced in the 1937 legislature as Senate Bill 113. Section 15 (b) in the original draft read as follows:

"No individual claiming benefits shall be charged fees of any kind in any proceeding under this act by the director or his representatives, by any appeal tribunal or by any court or any officer thereof. Any individual claiming benefits in any proceeding before the director," etc.

The bill, after its first and second reading, was referred to the committee on social security (Senate Journal, p. 82). The social security committee redrafted the bill and reported it back to the Senate as Substitute Senate Bill 113. In the process of redrafting, the committee changed a period at the end of the first sentence of the original draft above quoted to a colon, and added:

"*Provided, however,* The individual shall pay such fees as are legal in Superior and Supreme Court."

Surely, this was done with the express intention of requiring the payment of such fees. The section, as thus redrafted, was enacted as § 15 (b) of chapter 162, Laws of 1937, and was reenacted without change in the amendatory act of 1939, except that the word "commissioner" was substituted for the word "director."

The attorney general and those of his assistants especially concerned with the administration of the unemployment compensation act have filed a brief as *amici curiae,* in which they stress the point that the ruling made by the trial court will seriously affect its declared purpose. Presumably, the legislature considered the effect of the proviso when it inserted it.

In any event, argument along that line should be addressed to the legislature, not to the court.

The judgment appealed from is affirmed.

STEINERT, BEALS, and SIMPSON, JJ., concur.

BLAKE, J. (dissenting)—The proviso is contrary to the spirit of the entire act. I think there is such repugnancy between the enacting clause and the proviso as to render the latter void. I therefore dissent.