[No. 55686–5.   En Banc.   March 1, 1990.]

ASSOCIATED GROCERS, INC., *Respondent,* v. THE STATE OF WASHINGTON, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Phyllis K. Macleod, Assistant,* for appellant.

*Betts, Patterson & Mines, P.S.,* by *Paul D. Carey* and *Livingston Wernecke,* for respondent.

*C. James Judson, Susan G. Duffy,* and *John Parnass* on behalf of Safeway Stores, amici curiae for respondent.

SMITH, J.—This case involves the basic question whether the business and occupation tax, RCW 82.04.270(2), allowing a tax exemption to distributors, but not to wholesalers, is invalid. We answer that it is.

The State of Washington appeals from a judgment of the Thurston County Superior Court awarding to Respondent Associated Grocers, Inc. (Associated) a refund of $9,938,529, plus interest, in business and occupation taxes. The trial court held that an exemption under RCW 82.04-.270(2) violated Associated's rights under the equal protection clause of the fourteenth amendment to the United States Constitution and Const. art. 1, § 12, because the statute did not tax distributors, such as Safeway Stores, Inc.,[1] at the same rate as wholesalers, despite an express legislative intent to tax them at the same rate.

We agree that all members of a designated class must be treated equally under the statute. However, we hold that the proper remedy consists solely of striking the offending tax exemption. Therefore, we reverse in part and affirm in part the judgment of the Thurston County Superior Court.

This case presents two questions:

1. Whether a portion of RCW 82.04.270(2), allowing a tax exemption to distributors, but not wholesalers, is invalid because it is a violation of wholesalers' equal protection rights; and,

2. If the exemption is invalid, whether extension of the exemption to wholesalers is the appropriate remedy.

The material facts are not in dispute. Respondent Associated Grocers, Inc., is a Washington corporation engaged in the business of wholesaling grocery items. Associated supplies independently owned retail grocery stores.

---

[1]Although it filed a brief and was granted time to argue as *amicus curiae,* Safeway Stores, Inc., is not a party to this case. Its operations have been used by both parties to illustrate the tax structure applicable to Associated's claim.

Although it makes wholesale sales to its customers, Associated neither owns nor operates any retail grocery stores.

In contrast, Safeway Stores, Inc., a vertically integrated business,[2] and a competitor of Associated and Associated's independently owned customers, makes no sales when it distributes grocery items from its warehouses to Safeway–owned retail stores. There is no change of title when Safeway distributes merchandise to its retail stores, but it performs wholesaling functions similar to those performed by Associated for its customers.

The taxation scheme for wholesale businesses under RCW 82.04.270 imposes a business and occupation tax (tax) upon wholesalers such as Associated under subsection (1), as well as upon "distributors" (who perform functions equivalent to wholesaling functions), such as Safeway, under subsection (2). However, because of an exemption in RCW 82.04.270(2), distributors are not required to pay the tax when they distribute merchandise they have purchased from a wholesaler who previously paid the State a tax on the same merchandise. There is no exemption for wholesalers in subsection (1) of the statute. Associated thus is not exempted from paying the tax on merchandise it has purchased from another wholesaler who previously paid the State a wholesaling tax on the same items.

Associated brought this matter before the Thurston County Superior Court, claiming that the tax scheme denied it equal protection under the laws. Both parties moved for summary judgment. In his memorandum opinion dated February 25, 1988, the Honorable Daniel J. Berschauer concluded:

> The exemption of RCW 82.04.270 as it presently is applied denies wholesalers equal protection of the law. The appropriate

[2]A "typical vertical division of merchandising" is one where "goods are sold by manufacturers/processors to a jobber/wholesaler and on to the retailer for sale to the ultimate consumer." *Foremost Dairies, Inc. v. State Tax Comm'n*, 75 Wn.2d 758, 761, 453 P.2d 870 (1969). A "vertically integrated" business is one which combines one or more of these levels. In Safeway's system, the relevant integration is of the wholesale functions and retail operations.

remedy is to require the State to allow [Associated] to claim a refund for taxes paid in excess of what would have been required had the exemption applied to [Associated]. [Associated]'s motion for summary judgment is granted and the State's motion for summary judgment is denied.

On October 11, 1988, Judge Berschauer entered judgment in favor of Associated in the amount of $9,938,529 plus interest.

The State appealed directly to this court under RAP 4.2-(a)(2) and (4). Safeway Stores, Inc., appeared as *amicus curiae*.

This dispute centers on interpretation of the wholesalers business and occupation tax statute. That statute, RCW 82.04.270, "Tax on wholesalers, distributors", provides, in relevant part:

> (1) Upon every person . . . engaging within this state in the business of making sales at wholesale;[3] as to such persons the amount of tax with respect to such business shall be equal to the gross proceeds of sales of such business multiplied by the rate of forty–four one–hundredths of one percent.
>
> (2) The tax imposed by this section is levied and shall be collected from every person engaged in the business of distributing in this state articles of tangible personal property, owned by them from their own warehouse or other central location in this state to two or more of their own retail stores or outlets, where no change of title or ownership occurs, the intent hereof being to impose a tax equal to the wholesaler's tax upon persons performing functions essentially comparable to those of a wholesaler, but not actually making sales: *Provided,* That the tax designated in this section may not be assessed twice to the same person for the same article. The amount of the tax as to such persons shall be computed by multiplying forty–four one–hundredths of one percent of the value of the article so distributed as of the time of such distribution: *Provided,* That persons engaged in the activities described in this subsection shall not be liable for the tax imposed if by proper invoice it can be shown that they have purchased such property from a wholesaler who has paid a business and occupation tax to the state upon the same articles. This proviso shall not apply to purchases from manufacturers as defined in RCW 82.04.110.

---

[3] "Sale at wholesale" is defined in RCW 82.04.060, which provides in relevant part:

"'Sale at wholesale' or 'wholesale sale' means any *sale* of tangible personal property . . . which is not a sale at retail . . .." (Italics ours.)

The department of revenue shall prescribe uniform and equitable rules for the purpose of ascertaining such value, which value shall correspond as nearly as possible to the gross proceeds from sales at wholesale in this state of similar articles of like quality and character, and in similar quantities by other taxpayers: *Provided further,* That delivery trucks or vans will not under the purposes of this section be considered to be retail stores or outlets.

The parties agree that the constitutional question presented by this statutory scheme should be analyzed under the "minimal scrutiny" or "rational basis" test announced in *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs,* 92 Wn.2d 831, 601 P.2d 936 (1979), *appeal dismissed,* 446 U.S. 979 (1980). Using this test, the court makes three inquiries: (1) whether the classification applies alike to all members within the designated class; (2) whether some basis in reality exists for reasonably distinguishing between those within and without the class; and, (3) whether the challenged classification bears any rational relation to the purposes of the challenged statute. *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs,* 92 Wn.2d 831, 835–36, 601 P.2d 936 (1979), *appeal dismissed,* 446 U.S. 979 (1980). If each inquiry is answered "yes," then the statutory classification would be constitutional.

In this case, the trial court considered the statute as a whole and its legislative purpose and concluded that the Legislature created a single class of taxpayers under RCW 82.04.270 and that the Legislature included distributors, as well as wholesalers, within that class.

The plain language of the statute supports the trial court's conclusion. RCW 82.04.270 is entitled "Tax on wholesalers, distributors". Subsection (1) establishes the tax and applies it to wholesalers. Subsection (2) extends the levy to "person[s] engaged in the business of distributing . . .". Further, subsection (2) announces a legislative intent "to impose a tax equal to the wholesaler's tax upon persons performing functions essentially comparable to those of a wholesaler". This expresses an intent to assure that the tax is identical for both subclasses within the class. This court

has consistently treated distributors and wholesalers as members of a single class under the statute and its forerunners. *See, e.g., Benjamin Franklin Thrift Stores, Inc. v. Henneford,* 187 Wash. 472, 60 P.2d 86 (1936); *Air–Mac, Inc. v. State,* 78 Wn.2d 319, 474 P.2d 261 (1970).

█ The exemption in RCW 82.04.270(2) is applied only to distributors, and not to wholesalers. The members of the class are thus treated differently. The first inquiry under the *Yakima County* test, then, is answered "no." The exemption, which applies only to distributors, violates Associated's rights under the equal protection clause of the fourteenth amendment to the United States Constitution and the privileges and immunities clause of the state constitution (Const. art. 1, § 12). Where, as here, there is but one class, and the members of it are taxed differently, the statute must be declared unconstitutional. It is not necessary to consider the second and third inquiries under the *Yakima County* test.

The more difficult question in this case is what the appropriate remedy should be.

The remedy provided by the trial court was to extend the distributors' exemption of subsection (2) to the wholesalers taxed under subsection (1). Further, the court ordered the State to refund to Associated, subject to the statute of limitations on refunds,[4] the tax Associated would not have paid if the exemption applied to wholesalers, as well as distributors. The remedy sought by Associated was exemption and refund.

---

[4]Former RCW 82.32.060 provides:

"If, upon receipt of an application by a taxpayer for a refund . . ., it is determined by the department that within the statutory period for assessment of taxes prescribed by RCW 82.32.050 a tax has been paid in excess of that properly due, the excess amount paid within such period shall be credited to the taxpayer's account or shall be refunded to the taxpayer, at [the taxpayer's] option. No refund or credit shall be made for taxes paid more than four years prior to the beginning of the calendar year in which the refund application is made . . .."

The State contends that the appropriate remedy would be simply to strike the exemption from the statute without providing a refund to Associated.

The State cites as authority for its position RCW 82.98-.030 (invalidity of part of title not to affect remainder), which provides in relevant part:

> If any chapter, section, subdivision of a section, paragraph, sentence, clause or word of this title for any reason shall be adjudged invalid, such judgment shall not affect, impair or invalidate the remainder of this title but shall be confined in its operation to the chapter, section, subdivision of a section, paragraph, sentence clause or word of the title directly involved in the controversy in which such judgment shall have been rendered. . . . It is hereby expressly declared that had any chapter, section, subdivision of a section, paragraph, sentence, clause, word or any person, corporation, association or class of persons, corporations or associations as to which this title is declared invalid been eliminated from the title at the time the same was considered the title would have nevertheless been enacted with such portions eliminated.

This is a typical severance clause providing that if a portion of RCW Title 82 is declared invalid, it is to be stricken from the statute and the remaining language given full effect.

Although the trial court's extension of the exemption to wholesalers, as well as distributors, is based upon a conclusion that the exemption is invalid, the court's remedy goes beyond simply removing the offending language from the statute. Rather, the trial court's remedy in effect amends the word "subsection" in the exemption to read "section," thus extending the tax exemption to both wholesalers under subsection (1) and to distributors under subsection (2). This is not the correct remedy.

■ The Legislature is presumed to understand the meaning and use of ordinary and precise terms like "subsection." *See, e.g., Union Oil Co. v. State,* 2 Wn.2d 436, 442, 98 P.2d 660 (1940). In other portions of subsection (2) there are references to "section." The Legislature obviously

was aware of the distinction between the two words. Further, substituting one word for another under these circumstances is inconsistent with the severance clause.

■ We then focus upon repugnancy. Where a proviso is wholly repugnant to the enacting clause of a statute, the proviso is inoperative and void. *McKnight v. Hodge,* 55 Wash. 289, 104 P. 504 (1909); *State ex rel. Wilson v. King Cy.,* 7 Wn.2d 104, 109 P.2d 291 (1941). Under that authority, we conclude that the proviso exempting distributors from the tax is repugnant to the enacting clause in RCW 82.04.270(2) and that the appropriate remedy is simply to strike the offending portion.

We now address the question whether Associated is entitled to a refund.

■ Tax refunds are not mandated when a statutory scheme is found to be unconstitutional except when taxes were collected in violation of the constitution. *See National Can Corp. v. Department of Rev.,* 109 Wn.2d 878, 749 P.2d 1286, *appeal dismissed, cert. denied,* 486 U.S. 1040, 100 L. Ed. 2d 615, 108 S. Ct. 2030 (1988). Associated does not argue that the *tax levied* under RCW 82.04.270(1), which it paid and for which it seeks a partial refund, is unconstitutional. Rather, its contention, with which we agree, is that the *partial exemption* granted distributors under RCW 82.04.270(2) is unconstitutional. We can grant a refund to Associated only if we conclude that the Legislature intended the exemption to apply to wholesalers as well as distributors. We cannot reach that conclusion under the facts in this case. Accordingly, we hold that Associated is not entitled to a refund of any portion of the taxes it paid. Compare *National Can Corp. v. Department of Rev.,* 109 Wn.2d 878, 890, 749 P.2d 1286, *appeal dismissed, cert. denied,* 486 U.S. 1040, 100 L. Ed. 2d 615, 108 S. Ct. 2030 (1988).

■ Arguably distributors, who have benefited for 30 years from an invalid exemption, should now be assessed for taxes they should have paid. However, all parties presumed the validity of RCW 82.04.270(2), and great financial

and administrative hardship would result from retroactive application of our decision in this case. We therefore apply our holding prospectively only. *See Bond v. Burrows,* 103 Wn.2d 153, 690 P.2d 1168 (1984).

Associated apparently chose neither to bring this action nor to seek legislative relief before it paid substantial sums in taxes for as many as 30 years. Whether Associated should now be granted monetary relief and whether an exemption from duplicate taxes on wholesaling should apply to both wholesalers and distributors are matters which should be addressed to the Legislature.

We affirm in part and reverse in part the judgment of the Thurston County Superior Court in the following manner:

1. We affirm the trial court's determination that the exemption in RCW 82.04.270 is invalid because it establishes different tax rates for different members of the same taxpaying class created under the statute;

2. We reverse the trial court's extension of the tax exemption to the remaining members of the class; and instead we strike as invalid the following language from RCW 82.04.270(2), effective April 1, 1990:

> *Provided,* That persons engaged in the activities described in this subsection shall not be liable for the tax imposed if by proper invoice it can be shown that they have purchased such property from a wholesaler who has paid a business and occupation tax to the state upon the same articles. This proviso shall not apply to purchases from manufacturers as defined in RCW 82.04.110.

and,

3. We reverse the trial court's award of $9,938,529 to Respondent Associated Grocers, Inc., and remand the case for entry of appropriate orders.

CALLOW, C.J., DORE, ANDERSEN, and DURHAM, JJ., and MITCHELL, J. Pro Tem., concur.

DOLLIVER, J. (dissenting )—The majority finds unconstitutional the proviso in RCW 82.04.270 which exempts some retailers performing wholesale–type functions (distributors)

from paying a business and occupation (B&O) tax on goods purchased from a wholesaler who has already paid the tax. This conclusion stems from the majority's erroneous assumption that the Legislature intended to treat distributors and wholesalers under the statute as members of the same taxpaying class.

I would find the Legislature intended to establish two classes of taxpayers under RCW 82.04.270. I would also find that a reasonable basis for distinguishing wholesalers and distributors does exist, that the classifications themselves are rationally related to the purpose of the statute, and that the statute is constitutional.

Plaintiff Associated Grocers, Inc. (Associated) is a Washington corporation engaged in the business of selling grocery items at wholesale. It makes a majority of its sales to shareholders who are retail grocery stores. Although Associated purchases its goods from a variety of sources, it sometimes purchases from other wholesalers who have previously paid a B&O tax on the items. Because Associated is in the wholesale business, it pays a wholesale business tax pursuant to RCW 82.04.270(1).

After nearly 30 years of paying the B&O tax under the statute, Associated brought the present suit against the State of Washington. It alleges RCW 82.04.270 is unconstitutional under article 1, section 12 of the Washington State Constitution and the equal protection clause of the fourteenth amendment to the United States Constitution. Associated seeks to recover the amount of the B&O tax it would have saved if the same exemption afforded certain distributors was also extended to wholesalers.

In January 1988, the trial court heard arguments on Associated's summary judgment motion as well as the State's cross motion. The trial court found the exemption in RCW 82.04.270 unconstitutional on the grounds it denied wholesalers equal protection of the law. Rather than strike the exemption from the statute, however, the court extended the exemption to apply equally to wholesalers who could prove they had purchased items from other

wholesalers who had previously paid a B&O tax. This resulted in the trial court awarding Associated a tax refund in the amount of $9,938,529, plus interest. The State subsequently appealed to this court.

At the outset, it must be emphasized that the party challenging the classification has the heavy burden of overcoming the presumption of a statute's constitutionality. *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs,* 92 Wn.2d 831, 835, 601 P.2d 936 (1979), *appeal dismissed,* 446 U.S. 979 (1980). I believe Associated has failed to meet this burden.

The best indication that the Legislature intended to create two classes of taxpayers under the statute is found in the lengthy history of amendments to the statute. In 1935, the original version of the statute was enacted for the purpose of levying a tax on retailers performing functions similar to wholesalers. Laws of 1935, ch. 180, § 4, p. 709. The original version contained no limitations or provisos. In 1937, the Legislature increased the tax rate of distribution by amending the statute. Laws of 1937, ch. 227, § 1, p. 1138. In 1941, the statute was again amended by deleting language which levied the tax on retailers performing wholesale–like functions. Laws of 1941, ch. 178, § 1, p. 480. By removing the tax on retailers while maintaining the levy against wholesalers, the Legislature apparently intended to treat these business entities separately by taxing them differently. This disparate tax treatment remained in effect until 1955.

In 1955, the Legislature again amended the statute by reinstating the tax which had been repealed in 1941. This was done by imposing "a tax equal to the wholesaler's tax upon persons performing functions essentially comparable to those of a wholesaler, but not actually making sales". Laws of 1955, ch. 389, § 47, p. 1671. By levying a tax *equal* to the tax imposed on wholesalers, as opposed to levying the *same* tax, the Legislature appears to have intended to distinguish wholesalers as one class of taxpayers and distributors as another. In 1959, the statute was again

amended. Laws of 1959, 1st Ex. Sess., ch. 5, § 3, p. 1666. This time, the Legislature went one step further in treating the two classes separately by levying one tax on wholesalers under subsection (1) and then levying a "tax equal to the wholesaler's tax" on qualifying distributors under subsection (2). Subsection (2) also included the following proviso:

> *Provided,* That persons engaged in the activities described in this subsection shall not be liable for the tax imposed if by proper invoice it can be shown that they have purchased such property from a wholesaler who has paid a business and occupation tax to the state upon the same articles. This proviso shall not apply to purchases from manufacturers as defined in RCW 82.04.110.

From a historical perspective, the amendments to the statute are indicative of the Legislature's intent to treat wholesalers and distributors as two separate classes of taxpayers. In fact, the 1959 amendment, which placed wholesalers under subsection (1) and distributors under subsection (2), is the best indication of the intent to treat these two classes of taxpayers separately. For those who may believe the issue to be arguable it should be pointed out that there is a strong presumption a revenue statute is constitutional, and, where there is doubt, the issue will be resolved in favor of constitutionality. *Gruen v. State Tax Comm'n,* 35 Wn.2d 1, 6, 211 P.2d 651 (1949).

The majority cites *Benjamin Franklin Thrift Stores, Inc. v. Henneford,* 187 Wash. 472, 60 P.2d 86 (1936) and *Air-Mac, Inc. v. State,* 78 Wn.2d 319, 474 P.2d 261 (1970) for the proposition that "[t]his court has consistently treated distributors and wholesalers as members of a single class under the statute and its forerunners." Majority, at 187–88. From this the majority would apparently infer that the court does not recognize a distinction between wholesalers and distributors. This would be inaccurate and unwarranted. The issue in both those cases was not whether the Legislature could make the distinction between distributors and wholesalers nor was that issue ever in question. Rather, both cases concerned the particular classification in which the taxpayer should be placed by the taxing authority.

If, as I believe has been demonstrated, the legislative intent was to create two separate classes of taxpayers, the next issue becomes whether there is some basis for reasonably distinguishing between those within and without the designated class. *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs, supra* at 835–36. In the context of this case, the question is whether the Legislature acted reasonably in separating wholesalers and distributors into separate classes of taxpayers.

As the State rightfully points out in its brief, legislative bodies have very broad powers to create classifications in the development of legislation. *Sonitrol Northwest, Inc. v. Seattle,* 84 Wn.2d 588, 590, 528 P.2d 474 (1974). The test for purposes of classification is whether "'any state of facts reasonably can be conceived that would sustain the classification.'" *Sonitrol,* at 590 (quoting *Allied Stores of Ohio, Inc. v. Bowers,* 358 U.S. 522, 528, 3 L. Ed. 2d 480, 79 S. Ct. 437 (1959)). Furthermore, the Legislature has even broader discretion and greater power in making classifications for taxation than it has for regulation. *Sonitrol,* at 591 (citing *Texas Co. v. Cohn,* 8 Wn.2d 360, 376, 112 P.2d 522 (1941)).

The most obvious difference between wholesalers and retailers who perform wholesale functions is best described in the words of the trial court itself:

> In this case the classes distinguish between businesses which are solely involved with sales at wholesale from businesses which perform wholesaling functions but do not ever sell at wholesale. AG [Associated Grocers] has no retail stores. Safeway operates numerous retail stores. AG pays no B&O tax on retail sales. Safeway pays B&O tax on retail sales. In summary, there are numerous and real distinctions between AG and Safeway which arguably meet the rational basis test.

Clerk's Papers, at 93.

The point made by the trial court is that there are real differences between the method of business employed by wholesalers and retailers. A different method of business has already been recognized as grounds for distinguishing taxpayers. *United Parcel Serv., Inc. v. Department of Rev.,*

102 Wn.2d 355, 368, 687 P.2d 186 (1984). Therefore, a reasonable basis exists for the Legislature's decision to separate the taxpayers here into two classes.

If a reasonable basis for the distinction is found, the question then becomes whether the classifications are rationally related to the purposes of the statute. *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs, supra* at 835–36. Here, the challenger must show conclusively that the classification is contrary to the legislation's purpose. *Yakima,* at 836.

In *Air–Mac, Inc. v. State, supra* at 326, the court explained that the purpose of RCW 82.04.270(2) was to "neutralize the tax advantage of a horizontal merchandising scheme used to eliminate the normal vertical wholesaling functions." In *Foremost Dairies, Inc. v. State Tax Comm'n,* 75 Wn.2d 758, 453 P.2d 870 (1969), this court articulated the Legislature's purpose in enacting RCW 82.04.270 as follows:

> It was the obvious intent of the legislature to tax as a "wholesaling function" the horizontal merchandising scheme which competes with and, except for change of title to goods, is essentially similar to the typical vertical division of merchandising whereby goods are sold by manufacturers/processors to a jobber/wholesaler and on to the retailer for sale to the ultimate consumer.

*Foremost,* at 761.

These two cases assist in clarifying the basic purpose underlying the statute which is to attempt to equalize the disparate tax burden which exists by virtue of the differing internal structures between wholesalers and distributors who perform wholesale–like functions. The legislative history previously recounted also supports this interpretation of the purpose.

Furthermore, classifying wholesalers separately from distributors under the statute is rationally related to addressing the problem of equalizing the tax structures of these two types of businesses. Unless the Legislature is able to tax one class of taxpayers differently from the other, it will

remain powerless to try and halt inequitable tax treatment. The majority completely fails to appreciate this point.

The Legislature in RCW 82.04.270 addressed a particular aspect of competition at the retail level. It may well be there are inadequacies within the statute and that further legislative action would be appropriate. It is not required, however, that for a statute to be constitutional it must solve all the problems which may be present. As has been well stated by the Supreme Court, a legislature "'may implement [its] program step by step, . . . adopting regulations that only partially ameliorate a perceived evil and deferring complete elimination of the evil to future regulations.'" *Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 466, 66 L. Ed. 2d 659, 101 S. Ct. 715 (1981) (quoting *New Orleans v. Dukes,* 427 U.S. 297, 303, 49 L. Ed. 2d 511, 96 S. Ct. 2513 (1976)). Any inequalities within tax structures established by the Legislature are best examined and remedied by the Legislature rather than the courts. *Texas Co. v. Cohn, supra* at 385 (citing *Magnano Co. v. Hamilton,* 292 U.S. 40, 78 L. Ed. 1109, 54 S. Ct. 599 (1934)).

I would hold the taxpayer has not met its burden of proof and that the statute is constitutional. The case should be remanded to the trial court for entry of summary judgment in favor of the defendant.

UTTER and BRACHTENBACH, JJ., concur with DOLLIVER, J.

Reconsideration denied May 17, 1990.