[No. 18136. Department One. December 10, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. C. S. LEE, *Appellant*.[1]

HEALTH (8)—OFFENSES—POSSESSION OF NARCOTICS. The narcotic act, Rem. 1923 Sup., § 2509-3, making it unlawful to have possession with intent to sell, and further providing that it shall be deemed a violation of the act for any person to have possession unless obtained pursuant to the act of Congress, does not make possession without intent to sell unlawful unless it was obtained in violation of the act of Congress.

INDICTMENT AND INFORMATION (91)—ISSUES—VARIANCE—POSSESSION OF DRUGS WITH INTENT TO SELL. Under an information charging possession of narcotic drugs with intent to sell, which is made unlawful by the first paragraph of Rem. 1923 Sup., § 2509-3, accused cannot be convicted of having possession not obtained pursuant to the act of Congress, which is made unlawful by the second paragraph of such section.

CRIMINAL LAW (33)—TRIAL—VERDICT—ACQUITTAL—FORM. Under an information for unlawful possession of narcotic drugs with intent to sell, in violation of Rem. 1923 Sup., § 2509-3, a verdict of guilty "of possession without intent to sell" is an acquittal.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered April 27, 1923, upon a trial and conviction of the unlawful possession of narcotics. Reversed.

*T. D. Page*, for appellant.

*Malcolm Douglas, Bert C. Ross*, and *Chester A. Batchelor*, for respondent.

PARKER, J.—The defendant, Lee, was, with another, charged by information filed in the superior court for King county with the violation of our 1923 Narcotic Act, as follows:

"The said C. S. Lee and . . . in the county of King, state of Washington, on the 4th day of March, A. D. 1923, wilfully and unlawfully and feloniously did

[1]Reported in 220 Pac. 753.

have in their possession certain narcotic drugs, to wit: opium, morphine, cocaine and yenshee a derivative of opium, with intent to sell, furnish and dispose of the same.''

The defendant pleaded not guilty, which was followed by a trial in the superior court for King county, at the conclusion of which the jury returned a verdict reading as follows:

''We, the jury in the above-entitled cause, do find the defendant C. S. Lee guilty of the crime of possession of narcotic drugs without intent to sell, furnish or dispose of same.''

Counsel for the defendant thereupon moved the court to discharge the defendant from custody upon the ground that the verdict of the jury was, in legal effect, an acquittal of the crime charged in the information. The court denied this motion, and rendered judgment upon the verdict as follows:

''Ordered, adjudged and decreed that the said defendant is guilty of the crime of unlawful possession of narcotic drugs without intent to sell, furnish or dispose of the same, and that he be punished by confinement at hard labor in the Penitentiary of the State of Washington for the term of not less than two and not more than ten years.''

From this disposition of the cause, the defendant has appealed to this court.

The provisions of our Narcotic Act in question, found in Ch. 47, Laws of 1923, p. 134 [Rem. 1923 Sup., § 2509-3], here to be noticed, are as follows:

''Section 3. It shall be unlawful for any person to sell, furnish, or dispose of, or have in his possession with intent to sell, furnish, or dispose of any narcotic drug or drugs, except . . . [Here follows prescribed conditions under which sales of narcotics may be made.]

"It shall be deemed a violation of this Act for any person to have in his or her possession any narcotic drug, or any preparation or compound containing same in unexempt quantities, unless the same shall have been obtained pursuant to this Act and to the laws of the Congress of the United States and the rules and regulations now in force or hereafter promulgated thereunder, and proof of the possession of any such narcotic drug, except by a licensed physician, licensed manufacturer or licensed druggist, shall be *prima facie* evidence of an intent to unlawfully sell, furnish or dispose of the same.

"Any person violating any of the provisions of this section and any person who shall falsely make, forge or alter or knowing the same to have been falsely made, forged or altered shall present to any druggist a physician's prescription with intent by means thereof to procure from such druggist any narcotic drug as defined in this act shall be guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the State Penitentiary for not less than one year nor more than ten years."

It is contended in behalf of appellant, in substance, that neither the mere possession of narcotics unaccompanied with intent to unlawfully sell, furnish or dispose of the same, nor the mere possession of narcotics unaccompanied by the unlawful acquisition of such possession, is a crime within the meaning of the above quoted portions of our Narcotic Act; and that, since appellant was specifically charged with unlawful possession of narcotics "with intent to sell, furnish and dispose of the same," and not with unlawful possession of narcotics by virtue of having unlawfully acquired possession of the same, the verdict is, by its express terms, an acquittal of appellant of the specifically charged offense of possession "with intent to sell, furnish or dispose of same," and is not a verdict of appellant's guilt of any other crime which can be con-

sidered as being included within the charging language of the information.

The plain language of the verdict renders it at once apparent that appellant was by the jury acquitted of having possession of narcotics "with intent to sell, furnish or dispose of same."

Is the mere possession of narcotics a crime, within the meaning of these statutory provisions? Counsel for the prosecution, as we understand them, so argue, relying upon the second paragraph of section 3 of the act above quoted. We cannot agree with this contention. When critically read, that paragraph, it seems to us, makes possession of narcotics unlawful only when such possession shall have been obtained in violation of the provisions of the act. The concluding words of that paragraph prescribe only a rule of evidence, and are of no practical aid in determining what acts constitute crimes as defined by the act. We conclude, therefore, that the mere possession of narcotics, unaccompanied by any intent to sell, furnish or dispose of the same, or unaccompanied by any unlawful acquisition of such possession, is not a criminal offense, within the meaning of the above quoted portions of the act. Nor do we find elsewhere in the act any language suggesting a legislative intent to make such mere possession a crime.

Counsel for the prosecution also argue that the unlawful acquiring of possession of narcotics is included in the charging language of this information, and that the language of the verdict, fairly construed, is, in effect, a finding of the appellant guilty of that offense. Assuming, for argument's sake, but not deciding, that such an offense may, by appropriate allegations in an information, be included with a charge of unlawful possession of narcotics "with intent to sell, furnish or

dispose'' of the same, plaintiff was not called upon to defend against a charge of unlawful possession of narcotics because of his unlawful acquisition of such possession. It is true that there is general language in the information charging that appellant ''unlawfully and feloniously'' had narcotics in his possession, but the information goes farther and specifically alleges that such possession was ''with intent to sell, furnish and dispose of the same;'' thus specifically pointing out the particular thing accompanying the possession which the prosecution relied upon as making the possession ''unlawful and felonious.'' It seems to us, fairly construed, the words ''unlawful and felonious,'' as used in this information, must be viewed as having reference to the alleged unlawful intent which is specifically alleged, and that the prosecution must succeed or fail as the jury finds upon the question of such intent on the part of the appellant; and that, when the jury found that the possession of narcotics by the defendant was ''without intent to sell, furnish or dispose of same,'' he was thereby acquitted of the crime charged, and that there was no other included crime charged against him in the information with reference to which the jury had authority to make any finding.

Counsel for the prosecution invoke the general rule that verdicts will ordinarily be liberally construed, in the light of the issues made by the pleadings in the case. This rule cannot aid the prosecution in the present inquiry. We have seen that no possible construction of the language of the verdict will make it other than an acquittal of the appellant of the crime of having in his possession narcotics ''with intent to sell, furnish or dispose'' of the same; since the language of the verdict expressly finds that his possession was without such intent; and there is no other included

offense charged in the information, as in *State v. Smith,*
58 Wash. 235, 108 Pac. 618, relied upon by counsel for
the prosecution.   We conclude that the legal effect of
the verdict rendered in this case is an acquittal of the
defendant of the offense charged against him by the
information, and that he is, therefore, entitled to be
discharged.

The judgment of the superior court is reversed and
the cause remanded to that court with directions to
discharge the appellant from custody.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH,
JJ., concur.