[No. 33815.   Department One.   August 29, 1957.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD CLIFFORD HENKER, *Appellant*.[1]

*Del Cary Smith* and *Ellsworth I. Connelly,* for appellant.

*John J. Lally* and *Joseph J. Rekofke,* for respondent.

[1]Reported in 314 P. (2d) 645.

FINLEY, J.—Defendant Henker was charged under RCW 69.33.020 with unlawfully possessing and having under his control a narcotic drug, to wit: canabis, commonly known as marijuana. After conviction by a jury, imposition of sentence, and entry of judgment, Henker perfected an appeal to this court.

In the trial court, defendant Henker moved, at the appropriate time, to suppress certain significantly incriminating evidence, on the ground that it had been obtained through illegal search and seizure in that the search warrant had been issued without probable cause. The trial court denied the motion to suppress the evidence, and Henker assigns error to that action.

The record shows that Mrs. Campbell, a woman acquaintance of the appellant, obtained three marijuana leaves from a plant growing in a gladioli bed in the back yard of appellant's home. She turned the marijuana leaves over to the police, who had them analyzed by a chemist.

Upon receiving the above information, which indicated a possible criminal violation by the appellant, Spokane Police Officer Harry Cockburn (assigned to the narcotics detail) undertook an investigation. He went on the property of appellant's adjoining neighbor and observed some plants having the characteristics of marijuana growing in appellant's gladioli bed.

Officer Cockburn obtained a search warrant on the basis of the indicated information. In the subsequent search, the several marijuana plants which he had seen growing on appellant's property were confiscated. These plants were introduced into evidence at the trial.

■ Appellant contends that the facts necessary to show probable cause must be supported by evidence admissible in the case in chief, and cites *Ladd v. Miles* (1932), 171 Wash. 44, 17 P. (2d) 875, which in turn cites *Grau v. United States* (1932), 287 U. S. 124, 77 L. Ed. 212, 53 S. Ct. 38. This contention of appellant is entirely rebutted by the language of the court in *Brinegar v. United States* (1949), 338 U. S. 160, 93 L. Ed. 1879, 69 S. Ct. 1302; see, particularly, footnote 12, p. 174, reading

"The inappropriateness of applying the rules of evidence as a criterion to determine probable cause is apparent in the case of an application for a warrant before a magistrate, the context in which the issue of probable cause most frequently arises. The ordinary rules of evidence are generally not applied in *ex parte* proceedings, 'partly because there is no opponent to invoke them, partly because the judge's determination is usually discretionary, partly because it is seldom final, but mainly because the system of Evidence rules was devised for the special control of trials by jury.' 1 Wigmore, Evidence (3d ed., 1940) 19."

In any event, the *Ladd* case, factually, is clearly distinguishable from the instant case. In the latter case, as previously indicated, Officer Cockburn made an independent, personal investigation.

Actually, probable cause is a simple yet meaningful legal concept. For the protection of the public, it imposes reasonable restraint upon the issuance of search warrants to law enforcement officers. The concept is a practicable, workable one. It requires that there be reasonable grounds for suspicion supported by circumstances sufficiently strong in themselves to warrant a man of ordinary caution in believing the accused to be guilty of the indicated crime. *Cf. State v. Hughlett,* 124 Wash. 366, 214 Pac. 841.

We believe that the facts available to Officer Cockburn were sufficient to cause a man of reasonable caution to believe that an offense was being committed by the appellant; consequently, we are convinced that the search warrant was issued upon probable cause.

In another assignment of error, appellant contends that the state was required to prove beyond a reasonable doubt, not only that Henker had knowledge of the existence of marijuana on his premises, but that the possession and control thereof was willful and intentional.

RCW 69.33.020 [*cf.* Laws of 1951, 2nd Ex. Ses., chapter 22, § 2], under which appellant was charged, reads as follows:

"It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this chapter."

Whether intent or guilty knowledge is to be made an essential element of this crime is basically a matter to be determined by the legislature.

The prior narcotics act, Laws of 1923, chapter 47, § 3, p. 134, provided:

"It shall be unlawful for any person to sell, furnish, or dispose of, or have in his possession *with intent to sell,* furnish, or dispose of any narcotic drug or drugs, except upon the written and signed prescription of a physician regularly licensed to practice medicine and surgery . . . ." (Italics ours.)

■ *Intent to sell* was a necessary element of the crime of possession under the above-quoted statute. *State v. Lee,* (1923), 127 Wash. 377, 220 Pac. 753. Had the legislature intended to retain guilty knowledge or intent as an element of the crime of possession, it would have spelled it out as it did in the previous statute. The omission of the words *with intent* evidences a desire to make mere possession or control a crime. See *State v. Lindberg* (1923), 125 Wash. 51, 215 Pac. 41, and cases cited therein. Accord: *People v. Winston* (1956), 46 Cal. (2d) 151, 293 P. (2d) 40; *Broic v. State* (1955), 79 So. (2d) 287 (Florida).

■ In the case at bar, the trial court instructed the jury that the state must prove beyond a reasonable doubt that Henker knew he possessed marijuana and knew he had it under his control. No exception was taken by the state to this instruction, and it became the law of the case. *State v. Hall* (1952), 41 Wn. (2d) 446, 249 P. (2d) 769. Appellant thus received the benefit of the doubt as to whether the statute made knowledge an element of the crime with which he was charged.

■ There is evidence in the record indicating that an acquaintance of Henker twice told him that he had marijuana growing in his gladioli bed. In addition, there is evidence that he asked Mrs. Campbell about the marijuana on one occasion.

We think that the facts in the record are sufficient to sustain the jury's verdict as to appellant's guilt in regard to the crime charged. We find no merit in appellant's other

assignments of error. The judgment of the trial court is affirmed.

HILL, C. J., MALLERY, ROSELLINI, and OTT, JJ., concur.