[No. 37192.   Department One.   August 13, 1964.]

*In the Matter of the Voluntary Dissolution of* THE MONKS CLUB, INC.

ANDY G. ENGEBRETSEN *et al., Respondents,* v. THE STATE OF WASHINGTON, *Appellant.*\*

\*Reported in 394 P. (2d) 804.

*The Attorney General, Henry W. Wager* and *James A. Furber, Assistants,* for appellant.

*Nickell, Quinn & Tuai* and *George T. Nickell,* for respondents.

ROSELLINI, J.—This action was brought by the coreceivers in the voluntary dissolution of The Monks Club, Inc., a corporation, who petitioned the court for an order directing the Tax Commission to show cause why it should not be forever barred from asserting any claim pursuant to RCW chapter 63.28 (the Uniform Disposition of Unclaimed Property act) to certain unclaimed assets of the corporation held for distribution to stockholders in the course of dissolution.

The trial court had previously issued an order directing notice to creditors and stockholders to file their claims within a designated time or forfeit the same. A further petition and order to show cause were filed, directed to the Tax Commission to show cause why the assets held

for distribution to stockholders who could not be located and who had not filed claims should not be distributed pro rata among the known stockholders filing claims.

After a hearing on the show cause order was held, the court entered its order forever barring the State of Washington from claiming any of the funds held by the co-receivers, and the state has appealed, contending that the trial court was in error in holding that these funds were not subject to the provisions of RCW chapter 63.28.

The Monks Club, Inc., was formed as a nonprofit stock corporation in 1912, under Rem. & Bal. Code, §§ 3731 to 3751. The object of the corporation was to establish a clubhouse where members could live and enjoy each other's society. Each member was required to purchase one share of the capital stock, and each resident member was required to purchase one share of treasury stock for each month or part of a month he resided in the clubhouse.

There was no provision in the articles of incorporation or in the bylaws prior to May 15, 1962, for the distribution of assets upon dissolution of the corporation. On that date, amendments were adopted purporting to provide that failure to make claim for any proprietary interest in the assets of the corporation, as provided therein, should constitute a waiver of such claims.

There are approximately 2,352 shares of stock out of a total of 13,901 shares outstanding for which no owner has appeared to make claim. The estimated value of the unclaimed assets is from $12,000 to $15,000. The State of Washington asserts its right to these unclaimed distributive shares as trustee or custodian for the absent owners.

The Uniform Disposition of Unclaimed Property act requires the reporting of property presumed abandoned to the Tax Commission (RCW 63.28.170), which shall publish notice of the names of the apparent owners (RCW 63.28-.180); and, if the property is not claimed within a designated time, the holder is required to deliver the property to the Tax Commission (RCW 63.28.190), after which the state shall assume custody and be responsible for the safekeeping of the same (RCW 63.28.200).

■ As stated by the commissioners in a prefatory note to the uniform act, in Vol. 9A of the Uniform Laws Annotated, p. 252, the act is designed

" . . . to protect the interests of owners, to relieve the holders from annoyance, expense and liability, to preclude multiple liability, and to give the adopting state the use of some considerable sums of money that otherwise would, in effect, become a windfall to the holders thereof."

In *Standard Oil Co. v. New Jersey,* 341 U. S. 428, 95 L. Ed. 1078, 71 S. Ct. 822, the United States Supreme Court said:

"As a broad principle of jurisprudence rather than as a result of the evolution of legal rules, it is clear that a state, subject to constitutional limitations, may use its legislative power to dispose of property within its reach, belonging to unknown persons. Such property thus escapes seizure by would-be possessors and is used for the general good rather than for the chance enrichment of particular individuals or organizations. Normally the obligor or holder and the obligee or owner of abandoned property would, as here, have no contractual arrangement between themselves for its disposition in case of the owner's failure to make claim. As the disposition of abandoned property is a function of the state, no implied contract arises between obligor and obligee to determine the disposition of such property. . . ."

The act (RCW 63.28.150) contains an omnibus clause, covering

"All intangible personal property, not otherwise covered by this chapter . . . that is held or owing in this state in the ordinary course of the holder's business and has remained unclaimed by the owner for more than seven years after it became . . . distributable, . . ."

which would appear to be applicable to the unclaimed interests of shareholders in the assets of The Monks Club.

The trial court did not consider the applicability of this section, but based its holding that the state was not entitled to make claim to the undistributed assets on its determination that the club was not a "business association," as defined in RCW 63.28.070, and consequently its property was not subject to the provisions of RCW 63.28.120, per-

taining to voluntary dissolutions of business associations, banking organizations, or financial organizations, and providing that unclaimed intangible personal property distributable in the course of such a dissolution is presumed abandoned two years after the date for final distribution.

The trial court was of the opinion that only corporations for profit are covered by this section. RCW 63.28.070(2) provides:

" 'Business association' means any corporation (other than a public corporation), joint stock company, business trust, partnership, or any association for business purposes of two or more individuals."

■■ This definition is broad enough to include nonprofit corporations, since a "business association," for purposes of the act, is said to mean *any* corporation other than a public corporation. It is a basic rule of statutory construction that where there is an express exception in a statute, the statute applies to all other cases not excepted and no other exceptions can be read into it. *Sandona v. Cle Elum,* 37 Wn. (2d) 831, 226 P. (2d) 889; *Insurance Co. of North America Companies v. Sullivan,* 56 Wn. (2d) 251, 352 P. (2d) 193. As we said in *Monroe Calculating Machine Co. v. Department of Labor & Industries,* 11 Wn. (2d) 636, 120 P. (2d) 466, express exceptions in a statute exclude all other exceptions, and cannot be extended by implication.

While this definition is broader than the ordinary meaning of "business association," it was within the power of the legislature to enlarge the meaning of the term for purposes of the act. Also, to hold that nonprofit corporations are subject to this provision is in harmony with the purpose of the act, which is to place all abandoned intangible personal property in the custody of the state, and to relieve the holder from "annoyance, expense, and liability."

■ It is urged by the respondents that the latter purpose can be accomplished by the distribution of the unclaimed property to the other stockholders, as the trial court ordered in this case. Such a distribution, however, is contrary to the established rules of law protecting the interests of shareholders. It is well settled that the right

to an equal distribution of the assets among the stockholders, according to the amount of stock held, is an absolute one and cannot be changed or modified by action of the majority stockholders against the will of one or more dissenting stockholders. 16A Fletcher, Cyclopedia of Corporations (Perm. ed.) 534, § 8225. The unclaimed shares of stockholders in funds resulting from liquidation are not available for distribution to other stockholders. *Realty Associates of Portland v. Women's Club,* 230 Ore. 481, 369 P. (2d) 747; *In re Hull Copper Co.,* 46 Ariz. 270, 50 P. (2d) 560 (annotated, 101 A.L.R. 664).

The purported amendment to the bylaws, providing that rights to unclaimed assets would be waived, was a nullity insofar as the nonconsenting shareholders were concerned, and the receivers must hold these assets for their benefit or surrender them to the Tax Commission, as they are permitted to do under RCW 63.28.190 (2) prior to the expiration of the time provided by RCW 63.28.120.

The order is quashed and the cause remanded with directions to proceed in accord with the views expressed in this opinion.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.