[No. 40009.     Department One.     June 20, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. GLENN
GARY GIVENS, *Appellant.**

*Marie Moreau Donohoe,* for appellant.

*Charles O. Carroll* and *Thomas S. Wampold,* for respondent.

PER CURIAM.—The superior court judge before whom the defendant was tried found him guilty of possession of marijuana. On appeal, he concedes that this court held in *State v. Henker,* 50 Wn.2d 809, 314 P.2d 645 (1957), that mere possession or control of marijuana is a crime under RCW 69.33.020[1], but contends that the court erred in its construction of the statute.

■    He argues that such a construction is arbitrary because, under it, a person who was in possession of marijuana but was unaware of the fact would be punished. That argument was answered in *State v. Morris,* 70 Wn.2d 27, 422 P.2d 27 (1967), wherein we said that the defendant may show, in defense, that his possession was unwitting.

*Reported in 442 P.2d 628.

[1]Now RCW 69.33.230.

Our holding in *State v. Henker, supra,* has been reaffirmed in a number of cases, including *State v. Walcott,* 72 Wn.2d 959, 435 P.2d 994 (1968); *State v. Reid,* 66 Wn.2d 243, 401 P.2d 988 (1965); and *State v. Boggs,* 57 Wn.2d 484, 358 P.2d 124 (1961).

■ The defendant does not challenge the constitutionality of this statute but argues that it is unwise, and that it was inspired by an incorrect apprehension of the facts concerning the harmful nature of marijuana. Assuming that these contentions are well founded, the appropriate body before which to present them is the legislature and not the court. The legislature has convened five times since *State v. Henker, supra,* was decided and has not been persuaded to repeal or revise the law. It would appear, therefore, that those who share the defendant's view of the wisdom and propriety of the legislation have not pressed their case with sufficient ardor to convince that body that the public welfare requires a change in the law.