[No. 463-41205-1.   Division One—Panel 1.   February 1, 1971.]

SUBURBAN FUEL COMPANY, *Respondent*, v. JACK LAMOREAUX *et al.*, *Appellants.*

*Robert E. Ratcliffe,* for appellants.

*Paul J. Codd,* for respondent.

HOROWITZ, C. J.—This appeal primarily presents the question whether RCW 18.27 dealing with mandatory registration of contractors impairs judicial power in violation of article 4, section 1 of the Washington State Constitution.

The findings are undisputed. The court found that on or about March 1, 1967, plaintiff Suburban Fuel Co., at defendant's request, satisfactorily installed a furnace in defendant's residence then under construction at an agreed contract price. After certain deductions and reasonable charges, the court found that the sum of $415 plus sales tax became due and owing. However, the court found that the plaintiff was not registered as a specialty contractor under RCW 18.27 either at the time the furnace was installed or at the time this action was commenced. The court nevertheless concluded that plaintiff was entitled to recovery on the principle of unjust enrichment and because RCW 18.27 constituted an unconstitutional infringement upon the inherent equitable powers of the superior courts of this state vested in such courts under article 4, section 1 of the Washington State Constitution. Defendants appeal from the judgment in favor of plaintiff.

■ If RCW 18.27 is constitutionally valid, the existence of "unjust enrichment" is no defense to the enforcement of the statute. *Stewart v. Hammond,* 78 Wn.2d 216, 220, 471 P.2d 90 (1970). To hold otherwise would frustrate the legislative purpose and place the court in the position of knowingly furthering a transaction the performance of which is made illegal by a valid statute. RCW 18.27.020. *Treffry v. Taylor,* 67 Wn.2d 487, 408 P.2d 269 (1965). *See Sinnar v. LeRoy,* 44 Wn.2d 728, 731, 270 P.2d 800 (1954).

We turn then to the question of constitutionality. Defendant has filed no brief in support of the trial court's conclusions. We find ourselves unable to support them. In *Treffry v. Taylor, supra,* RCW 18.27 was upheld as a proper exercise of the state's police power. Since *Treffry,* the state Supreme Court has applied the statute in a case in which because of ignorance, the contractor utterly failed to comply with the statute. *Stewart v. Hammond, supra.* The statute has been held not to be a defense to the recovery of compensation when there has been a substantial compliance with its terms. *H. O. Meyer Drilling Co. v. Alton V. Phillips Co.,* 2 Wn. App. 600, 468 P.2d 1008, *rev. granted,* 78

Wn.2d 991 (1970); *Andrews Fixture Co. v. Olin,* 2 Wn. App. 744, 472 P.2d 420 (1970). In *Stewart, Meyer* and *Andrews,* each decided subsequent to *Treffry v. Taylor, supra,* the constitutionality of RCW 18.27 was assumed. *Treffry,* however, did not specifically pass upon the contention now advanced that the statute is an unconstitutional infringement, in the language of the trial court's conclusions, "upon the inherent equitable powers of the superior courts of the State of Washington."

■ There is little doubt that the legislature, in the exercise of legislative power vested in that body by article 2, section 1 of the Washington State Constitution, may change state substantive law in the exercise of the state's police power, in the absence of other constitutional prohibitions, state or federal, specific or general. Accordingly, the legislature by statute has provided that certain types of contracts or transactions shall be deemed void or voidable, illegal, or both. Many illustrations of the exercise of this power may be found in the fields of consumer protection, minors, incompetent persons, married persons, statutes of fraud, fraudulent conveyances, securities acts, contracts involving employee discrimination, sales below cost, various types of commercial transactions and others. Indeed the legislature may even abolish a cause of action in the proper exercise of the state's police power. Our Industrial Insurance Act is illustrative. RCW 51.04.010, *et seq.; State v. Mountain Timber Co.,* 75 Wash. 581, 135 P. 645 (1913), *aff'd,* 243 U.S. 219, 61 L. Ed. 685, 37 S. Ct. 260 (1917); *State ex rel. Davis-Smith Co. v. Clausen,* 65 Wash. 156, 117 P. 1101 (1911).

It is true that a change in substantive law or the abolition of a right or cause of action otherwise existing prevents a court from doing what it was able to do before the statute was passed. However, such a change in substantive or procedural law is not necessarily an unconstitutional impairment of judicial function. Were the law otherwise, the legislature would be powerless or seriously handicapped in exercising its powers in accordance with develop-

ing needs. It is one thing for the legislature to prohibit or to place undue obstacles upon the exercise by the courts of their traditional powers to protect an existing right. It is a different thing for the legislature to prohibit or place obstacles in the way of the court's enforcing a right which the legislature has either abolished or the exercise of which it has made illegal.

In *Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 63 P.2d 397 (1936), the legislature attempted to repeal or abridge the power of the superior court to issue injunctions to protect an existing right against impairment by illegal threats, strikes and boycotts. The court held that to prohibit a court from enjoining such illegal conduct did impair the judicial function in violation of the doctrine of separation of powers. In the instant case, however, the court is not prohibited from protecting the exercise of an existing right because the legislature has lawfully abolished it in the exercise of the state's police power. *Treffry v. Taylor, supra.* The distinction is noted in *Blanchard v. Golden Age Brewing Co., supra,* at 419:

> It is not a question of the *right* of a litigant to a particular remedy, but, rather, a question of the *power* of the court to employ a particular form of remedy necessary to protect a right. In this connection, it may be observed that there is a vital distinction between legislative abolition of causes of action and a legislative interference with the judicial processes respecting an *existing* cause of action.

In *Shea v. Olson*, 185 Wash. 143, 157, 53 P.2d 615, 111 A.L.R. 998 (1936), the court upheld the constitutionality of the host-guest statute. In doing so, the court rejected the contention that the statute violated article 4, section 1 of the Washington State Constitution as an infringement of judicial power. The court said:

> The act does not assume to interfere with any power of the court. What it does is to abolish certain causes of action. The power of a court is not invoked until a cause comes before it, and terminates when the action ceases. The judicial power is not affected merely because litigation decreases or a certain type of litigation is abolished.

■■ RCW 18.27.080 seeks to enforce RCW 18.27 by placing the burden of alleging and proving compliance with the registration requirements of the statute upon the contractor himself instead of placing the burden of noncompliance upon a defendant. Such a technique is not unfamiliar (*see e.g.,* RCW 23A.44.120) and its use as a penal sanction is within the state's police power. *See State v. Cater's Motor Freight System, Inc.,* 27 Wn.2d 661, 179 P.2d 496 (1947); *State ex rel. R.R. Comm'n v. Oregon R.R. & Nav. Co.,* 68 Wash. 160, 123 P. 3 (1912). RCW 18.27.080 does not prevent a court from applying appropriate remedies to enforce an existing right; nor does it prevent a court from determining whether compliance has been had with RCW 18.27; nor does it prevent the court from determining the effect of noncompliance upon the claims of a contractor or owner[1] in light of statutory requirements. In substance RCW 18.27.080 merely provides that a court, otherwise having jurisdiction of the parties and subject matter, may not by an award of compensation or damages to an unregistered contractor enforce a construction contract, the performance of which by the contractor is made illegal under RCW 18.27.020. The wisdom of a statute may be considered in seeking to ascertain legislative intent when the statute is subject to construction. The rule is that in case of ambiguity, a reasonable interpretation will be adopted and it will not be presumed that the legislature intended to accomplish an inequitable result or to inflict an unnecessary hardship. *H. O. Meyer Drilling Co. v. Alton V. Phillips Co., supra.* However, unless we can say that a statute is arbitrary and capricious and therefore unconstitutional, the wisdom of the statute in passing on its constitutionality is a matter solely for legislative determination. *Reesman v. State,* 74 Wn.2d 646, 445 P.2d 1004 (1968); *State v. Givens,* 74 Wn.2d 48, 442 P.2d 628 (1968); *Seattle v. Hill,* 72 Wn.2d 786, 435

---

[1] It is unnecessary in the instant case for us to determine, and we do not determine, the rights of an owner against an unregistered contractor for damages or other relief connected with the construction contract or its performance by the contractor.

P.2d 692 (1967). We find no unconstitutional impairment of judicial power here.

The judgment is reversed with directions to enter judgment of dismissal with prejudice and costs in favor of defendants.

UTTER and WILLIAMS, JJ., concur.