[No. 42622.     En Banc.     June 21, 1973.]

ROBERT A. JEANNERET, *Appellant,* v. MELVIN A. REES *et al.,*
*Respondents.*

*James J. Gillespie,* for appellant.

*Robert H. Leeds, Jr.* and *Schimanski & Leeds,* for respondents.

HUNTER, J.—The plaintiff (appellant), Robert A. Jeanneret, appeals from a judgment of dismissal in an action involving a contract for work on a facility owned by the Rockford Grain Growers Association.

The facts are not in dispute and can be summarized as follows.

The defendant (respondent), Melvin A. Rees, contracted with Rockford Grain Growers Association to perform certain work on its grain elevator. Thereafter, the defendant entered into a contract with the plaintiff, in which the plaintiff agreed to perform the painting and sandblasting portion of the work on the elevator.

In September of 1971, the plaintiff commenced the painting and sandblasting of the elevator. The work was completed in a satisfactory and workmanlike manner on October 24, 1971, and the Rockford Grain Growers Association paid the defendant for the work done by the plaintiff. However, the defendant refused to pay the plaintiff for the work he performed. The plaintiff thereupon commenced this action. The defendant's defense is based upon RCW 18.27.080 which provides:

No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract.

When the parties entered into the contract for the painting and sandblasting of the elevator, the plaintiff did not possess the certificate of registration required by RCW 18.27.080. There is no indication that the plaintiff ever made any attempt to secure a certificate of registration.

The trial court dismissed the plaintiff's complaint with prejudice, stating in essence that even though the defendant knew the plaintiff was unlicensed and not bonded according to the requirements of RCW 18.27 at the time the parties contracted, RCW 18.27 is a bar to bringing this action.

The plaintiff contends that he is entitled to institute this action under the exception to RCW 18.27 provided in RCW 18.27.090(10), concerning construction work incidental to farming and agriculture. We agree.

■ This is the first time this court has been called upon to construe the farming and agricultural exception provided in RCW 18.27. In analyzing the arguments of the parties we must be guided by the cardinal rule that words in a statute are to be given their ordinary and usual meaning. *Bixler v. Hille*, 80 Wn.2d 668, 497 P.2d 594 (1972), and cases cited therein.

■ The legislature has provided certain listed exceptions to the requirement of registration in RCW 18.27.080. RCW 18.27.090 contains the following exception:

This chapter shall not apply to:

. . .

(10) Any construction or operation *incidental* to the *construction and repair* of irrigation and drainage ditches of regularly constituted irrigation districts or reclamation districts; or to *farming*, dairying, *agriculture*, viticulture, horticulture, or stock or poultry raising; or to clearing or other *work upon land in rural districts for fire* prevention purposes; except when any of the above work is performed by a registered contractor;

(Italics ours.)

The word "incidental" has been defined in *Webster's New Twentieth Century Dictionary* (2d ed. 1970), as:

1. happening or likely to happen as a result of or in connection with something more important; being an incident; casual.

2. secondary or minor, but usually associated; as, the incidental costs of education.

The record shows that the grain elevator upon which the work was performed is a

farmer-participant-owned association, a cooperative; that the owners are themselves the grain growers, and that they use the facility at Rockford, among others, for the storage of their farm crops.

Giving the language contained in RCW 18.27.090 its usual meaning, it becomes evident that the painting and sand-blasting on this grainery falls within the ambit of the above exception.

The defendant argues, however, that only farming activities are exempted and that the construction of an elevator is not a farming activity. In support of this argument the defendant cites *Power City Communications, Inc. v. Calaveras Tel. Co.,* 280 F. Supp. 808 (E.D. Cal. 1968). That case concerns the exception to RCW 18.27 provided for public utilities in RCW 18.27.090(3). The language of RCW 18.27 .090(3) is not comparable to the language of the section in question, and the facts of the *Power City Communications* case are not comparable to the facts of the case before us. We therefore find it to be inapposite. That only farming activities are exempted ignores the express language of the exemption which includes any construction *incidental* to farming.

We have examined other authorities cited by the parties and find them not comparable, except for the case of *Fraenkel v. Trescony,* 48 Cal. 2d 378, 309 P.2d 819 (1957). In that case, under comparable facts and a similar statute, the majority held that a grain elevator was not incidental to farming since the elevator was located off the farm premises. We disagree with this reasoning in view of modern mobile farming operations. We can see little distinction between the location of a grainery on a farm and a grainery, in this instance an elevator for the storing of grain, in the same agricultural area for the joint use of farmers in the same agricultural operations.

The defendant also argues that the plaintiff does

not come within the farming and agricultural exception because registered contractors were involved in the work on the elevator. The language relied upon by the defendant is in the concluding phrase of RCW 18.27.090(10), *supra*, and states ". . . except when any of the above work is performed by a registered contractor;". This language on the face of the statute appears to be an exception to the exception, ambiguous and inconsistent with the exception of the proviso. In any event, we believe the language, if it is to be applied, must apply only to the work of that person who is claiming the benefit of the exception, and the record does not show that any of the work performed by the plaintiff (subcontractor) was by a licensed contractor.

■■ The plaintiff also contends that the legislature did not intend for the statute to apply in the case of a contractor performing work for a member of the same profession, as a member of the profession is not of the class intended to be protected by the statute. We have considered the authorities cited on this issue but find them to be of no assistance in view of our statute and the decisions of this court.

If it was the intention of the legislature that the statute should not be applicable where work is performed for a member of the same profession, it could have so provided. Where there are express exceptions in a statute, as in the instant case, the statute applies to all cases not excepted, and no other exceptions can be read into the statute. *In re The Monks Club, Inc.*, 64 Wn.2d 845, 394 P.2d 804 (1964), and the cases cited therein.

■ In the past this court has consistently refused to read exceptions into RCW 18.27, other than those specifically provided. However, in *Murphy v. Campbell Inv. Co.*, 79 Wn.2d 417, 422, 486 P.2d 1080 (1971), we did afford relief to a nonregistered contractor where there was substantial compliance with the requirements of RCW 18.27. In doing so, we noted that

we find sound reasons of public policy behind denial of relief to appellants upon the other alleged grounds—*i.e.*,

those in the nature of waiver, estoppel or unjust enrichment. In essence, this is true because the questioned statutory enactment is designed to protect the general public, and parties to a specific agreement should not be allowed the option of rewriting the statutory law as to themselves by agreeing to disregard the obligations of financial responsibility imposed by the statutes.

It is obvious then that the statutory enactment does not permit exceptions upon equitable grounds and the only exceptions therefore would be the specific exceptions provided in RCW 18.27, or, as stated in *Murphy v. Campbell Inv. Co., supra,* by the plaintiff having substantially complied with the requirements of RCW 18.27. There was no attempt at compliance by the plaintiff; hence his only relief from its operation is the agricultural exception provided in RCW 18.27.090(10), which we hold is applicable in this case as heretofore stated.

The judgment of the trial court is reversed and this case is remanded for the entry of a judgment in accordance with this opinion.

HALE, C.J., ROSELLINI and HAMILTON, JJ., concur.

FINLEY, J. (concurring in result)—I am convinced the statute was not intended or designed to protect *prime* contractors, and to allow them to arbitrarily and unfairly, if not fraudulently, refuse to pay their subcontractors for work done and for which the prime contractor himself has been paid.

For this reason and for the specific reason stated by the majority for reversal, I concur in the result reached in the majority opinion by Hunter, J.

HAMILTON, UTTER, and BRACHTENBACH, JJ., concur with FINLEY, J.

WRIGHT, J. (dissenting)—All necessary facts herein are stated by the majority. The problem is that the majority is shocked by the result reached by enforcement of the statute according to its express terms. It has been said, "Harsh cases make bad law".

The legislature, by RCW 18.27.080, has abolished any cause of action for compensation for the performance or breach of enumerated contracts unless the plaintiff has a valid certificate of registration as a contractor. The legislature has the right to abolish causes of action. *State v. Mountain Timber Co.*, 75 Wash. 581, 135 P. 645 (1913), *aff'd*, 243 U.S. 219, 61 L. Ed. 685, 37 S. Ct. 260 (1917). Since the legislature was acting within the scope of its constitutional authority, we are not concerned with the possibility of respondents being unjustly enriched. *Suburban Fuel Co. v. Lamoreaux*, 4 Wn. App. 179, 480 P.2d 216 (1971).

The Supreme Court of the United States has said, "we must adopt the plain meaning of a statute, however severe the consequences." *Jay v. Boyd*, 351 U.S. 345, 357, 100 L. Ed. 1242, 76 S. Ct. 919 (1956). To the same effect, we said in *Walker v. Spokane*, 62 Wash. 312, 318, 113 P. 775 (1911):

> When the language of the act is plain, free from ambiguity, and devoid of uncertainty, it is unanimously held that there is no room for construction, and that inconvenience following the enforcement of the law as expressed can have no weight in the construction of the statute.

In another case we said: "The argument *ab inconvenienti* is put forth. This argument has no place before a court where the meaning of the statute is clear." *Davies v. Seattle*, 67 Wash. 532, 535, 121 P. 987 (1912).

I agree with the majority view that the statute, RCW 18.27.080, bars actions by an unregistered subcontractor against a prime contractor. The language of RCW 18.27.080 is plain and unambiguous when it says:

> *No* person engaged in the business or acting in the capacity of a contractor may bring or maintain *any* action in *any* court of this state for the collection of compensation for the performance of *any* work or for breach of any contract for which registration is required . . .

(Italics mine.)

I, however, disagree with the majority as to whether the work herein involved was within the agricultural exception in RCW 18.27.090 (10).

Cooperatives, and especially agricultural cooperatives, are well known in Washington. RCW 23.86, which is primarily derived from chapter 19, Laws of 1913, provides for the organization of such cooperatives. A cooperative is a corporation and, as such, has a legal existence independent of and apart from its members. Many cooperatives engage in a wide range of business activities, including, among others, the sale of gasoline and heating oil to their members. Had the construction here involved been the building of a gasoline or oil storage tank, would the majority still call it "agricultural"? To ask the question is to answer it.

The term "agricultural labor" has been construed in this state several times. While the cases thereon have related to other statutes, the facts are similar. In *Squire v. Sumner Rhubarb Growers' Ass'n,* 184 F.2d 94 (9th Cir. 1950), it was held office workers employed by an agricultural cooperative were not "agricultural labor". Even more pertinent is *Cowiche Growers, Inc. v. Bates,* 10 Wn.2d 585, 117 P.2d 624 (1941), in which the term "agricultural labor" is defined and such term is held not to apply to employees of a cooperative, *even if* they are actually engaged in working with fresh fruit. To the same effect is *In re Yakima Fruit Growers Ass'n,* 20 Wn.2d 202, 146 P.2d 800 (1944), in which *Cowiche* was cited with approval.

Another and equally strong reason for disagreement with the majority is the exception in RCW 18.27.090(10), which reads: "except when any of the above work is performed by a registered contractor;". In this instance, respondent was registered.

The rule is well established that a statute should be so construed as to give effect to every part of the statute. *In re Kent,* 1 Wn. App. 737, 463 P.2d 661 (1969); *Star Iron & Steel Co. v. Pierce County,* 5 Wn. App. 515, 488 P.2d 776 (1971), adopted by the Supreme Court at 81 Wn.2d 680, 504 P.2d 770 (1972); *State ex rel. Wilson v. King County,* 7 Wn.2d 104, 109 P.2d 291 (1941); *McKenzie v. Mukilteo Water Dist.,* 4 Wn.2d 103, 102 P.2d 251 (1940).

In *McKenzie* a proviso or exception was under considera-

412

tion. In that connection the court said in part at page 112: "Statutes must be construed as a whole, and, if possible, effect must be given to each word, phrase, clause and sentence of the act."

Here the exception is consistent with the scheme of the whole statute. The exception should be given effect.

For the reasons stated, I believe the judgment of dismissal should be affirmed.

STAFFORD, J., concurs with WRIGHT, J.

Petition for rehearing denied August 21, 1973.