# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DURHAM SCHOOL SERVICES LP, | No. 59934-1-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, DEPARTMENT OF REVENUE, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, P.J. — Durham School Services LP (Durham) appeals the superior court's order denying Durham's declaratory judgment petition for a declaration that WAC 458-20-180 (Rule 180), which relates to the Public Utilities Tax, violates equal protection and is arbitrarily and capriciously enforced. Durham also appeals the superior court's denial of its claim for a refund of the business and occupation (B&O) taxes it paid. Durham argues that the superior court erred in its determination that Durham did not have standing to challenge Rule 180 and in denying its B&O tax refund request.

Because Durham cannot establish that it suffered any injury-in-fact from the application of Rule 180, Durham lacked standing to challenge Rule 180 and is not entitled to a tax refund for the B&O taxes it paid. Therefore, we hold that the superior court did not err and affirm.

FACTS

A.  BACKGROUND

Durham is a "transportation company" that primarily provides transportation to school districts—namely transporting students to and from school. Clerk's Papers (CP) at 3. A small percentage of Durham's revenue comes from transporting students to extracurricular activities, such as field trips, or transporting unrelated third parties, such as church groups.

Since 2002, Durham reported its revenue and paid taxes under Washington's Public Utility Tax (PUT), chapter 82.16 RCW, "'motor transportation'" classification.[1] CP at 4; *see generally* RCW 82.16.020(1)(f). The "'motor transportation'" classification had a tax rate of 1.962 percent. CP at 4. Upon an analysis of its services, Durham believed its revenue was properly taxable under the PUT's "'urban transportation'" classification,[2] which had a 0.642 percent tax rate. CP at 4;

---

[1] "'Motor transportation business' means the business (except urban transportation business) of operating any motor propelled vehicle by which persons or property of others are conveyed for hire, and includes, but is not limited to, the operation of any motor propelled vehicle as an auto transportation company (except urban transportation business), common carrier, or contract carrier as defined by RCW 81.68.010 and 81.80.010. However, 'motor transportation business' does not mean or include: (a) A log transportation business; or (b) the transportation of logs or other forest products exclusively upon private roads or private highways." RCW 82.16.010(6).

[2] "'Urban transportation business' means the business of operating any vehicle for public use in the conveyance of persons or property for hire, insofar as (a) operating entirely within the corporate limits of any city or town, or within five miles of the corporate limits thereof, or (b) operating entirely within and between cities and towns whose corporate limits are not more than five miles apart or within five miles of the corporate limits of either thereof. Included herein, but without limiting the scope hereof, is the business of operating passenger vehicles of every type and also the business of operating cartage, pickup, or delivery services, including in such services the collection and distribution of property arriving from or destined to a point within or without the state, whether or not such collection or distribution be made by the person performing a local or interstate line-haul of such property." RCW 82.16.010(12). An "urban transportation" business is taxed at six-tenths of one percent. RCW 82.16.020(1)(d).

*see generally* RCW 82.16.020(1)(d). In December 2014, Durham filed amended returns for the 2010 tax year and requested a refund of overpaid taxes.

Durham's refund request triggered the Department of Revenue (Department) to audit Durham for the 2010 to 2014 tax period. The Department determined that Durham's student transportation activities to and from school were taxable under the "service & other activities" B&O tax classification,[3] and not under the PUT at all. CP at 29; *see generally* RCW 82.04.290; WAC 458-20-224(2). The B&O service and other activities classification had a tax rate of 1.5 percent.

The Department made its decision based on its longstanding interpretation and administration of the B&O and PUT tax schemes. Specifically, Washington imposes a B&O tax "for the act or privilege of engaging in business activities" in the state. RCW 82.04.220(1). However, the B&O tax does not apply to persons or entities engaged in "a business activity with respect to which tax liability is specifically imposed under the provisions of chapter 82.16 RCW [, the PUT]." RCW 82.04.310(1).

In its decision, the Department cited Rule 180(5)(a) as a reason why the urban transportation classification under the PUT did not apply to Durham. *See generally* WAC 458-20-180(5)(a). Rule 180, which relates to the PUT, provides in pertinent part:

> What does "motor transportation" and "urban transportation" include? Motor and urban transportation include the business of operating motor-driven vehicles, on public roads, used in transporting persons or property belonging to others, on a for-hire basis. These terms include the business of:

---

[3] Durham's other activities transporting "non-school district clients" were subject to the PUT and not taxable under the B&O tax classification. CP at 4.

> (a) Operating taxicabs, armored cars, and contract mail delivery vehicles, but do not include the businesses of operating auto wreckers or towing vehicles (taxable as sales at retail under RCW 82.04.050), school buses, ambulances, nor the collection and disposal of solid waste (taxable under the service and other activities B&O tax classification).

WAC 458-20-180(5)(a) (boldface omitted).  Thus, Rule 180(5)(a) describes what falls within the motor and urban transportation business classifications and expressly excludes school bus operators.  *See generally* WAC 458-20-180.

Moreover, the Department noted that school buses were captured by WAC 458-20-224 (Rule 224), which addresses B&O tax classifications and states, in pertinent part:

> Persons engaged in any business activity, other than or in addition to those for which a specific rate is provided in the statute, are taxable under a classification known as service and other business activities . . . .  In general, it includes persons rendering professional or personal services to persons (as distinguished from services rendered to personal property of persons) such as . . . school bus operators.

WAC 458-20-224(2).  Thus, Rule 224 expressly states that school bus operators are subject to the service and other activities B&O tax classification.  WAC 458-20-224(2).

As a result of the audit, the Department determined that Durham's student transportation activities were taxable under the B&O tax rate instead of either PUT tax classification.  The Department denied Durham's request for a refund based on the urban transportation classification.  Because the B&O tax rate was lower than the motor transportation classification, Durham received a refund of $253,822.  Durham appealed the Department's assessment, arguing that its student transportation activities fit within the definition of "'Urban Transportation Business.'"  CP at 29.

In the meantime, in January 2015, Durham began reporting its student transportation income under the B&O service and other activities tax classification.  In June 2016, the Department

issued a final determination affirming the assessment of B&O taxes on Durham's income during the audit period from transporting students to and from school.

In July 2016, Durham filed a complaint for a refund of excise taxes paid under the B&O service and other activities tax classification since January 2015, and a notice of appeal in superior court of the Department's final determination affirming the assessment of B&O taxes on Durham's income during the audit period. Durham claimed its student transportation activities were subject to the PUT and not subject to the B&O tax. Specifically, Durham alleged "the Department's exclusion of school bus operators from the urban and motor transportation PUT classifications is contrary to the plain language of" RCW 82.16.010(6) and (12). CP at 19. Durham requested a refund "of all service and other B&O taxes paid . . . for providing transportation services to school districts during the January 1, 2010 to June 1, 2016 tax periods." CP at 20.

In September 2017, the superior court stayed Durham's refund action pending the Washington Supreme Court's resolution of *First Student, Inc. v. Department of Revenue*,[4] wherein First Student, another school bus operator, made the same arguments as Durham.

B.      WA SUPREME COURT'S *FIRST STUDENT* DECISION

In the Washington Supreme Court's *First Student* decision (*First Student* II), at issue was the meaning of "for hire" found in the definitions of "motor transportation business" and "urban transportation business" under RCW 82.16.010, which falls within the PUT statutory provisions. *First Student* II, 194 Wn.2d at 709; *see generally* RCW 82.16.010(6), (12). RCW 82.16.010(6) defines "motor transportation business" and states, in relevant part, that a motor transportation

_____

[4] 4 Wn. App. 2d 857, 423 P.3d 921 (2018) (*First Student* I), *aff'd*, 194 Wn.2d 707, 451 P.3d 1094 (2019) (*First Student* II).

business is one that "operat[es] any motor propelled vehicle by which persons or property of others are conveyed for hire." Under RCW 82.16.010(12), "urban transportation business" is defined as "the business of operating any vehicle for public use in the conveyance of persons or property for hire," within specified limits of a city or town.

The Washington Supreme Court reviewed the "for hire" language in RCW 82.16.010(6) and (12). *First Student* II, 194 Wn.2d at 709. After engaging in statutory interpretation and conducting an analysis of legislative history, the court concluded that the definition of "for hire" was ambiguous. *Id.* at 719. The court then held:

> We resolve this ambiguity in favor of the long-standing interpretation that school buses are excluded from the definitions of "motor transportation business" and "urban transportation business" under RCW 82.16.010(6) and (12). We find that WAC 458-20-180 [Rule 180] is a valid interpretation of the [PUT] statute.

*Id.*

In February 2020, following the decision in *First Student* II, the superior court lifted the stay on Durham's proceedings. The Department moved to dismiss Durham's complaint based on the holding in *First Student* II. Durham moved to amend its complaint; specifically, it sought to add constitutional claims and a challenge to Rule 180. The superior court denied Durham's motion to amend its complaint and granted the Department's motion to dismiss. In its order, the court wrote:

> THE COURT FINDS:
>
> 1. The Washington Supreme Court's decision in *First Student, Inc. v. Dep't of Revenue*, 194 Wn.2d 707, 451 P.3d 1094 (2019), resolves the claims and issues raised in Durham's Complaint for Refund of Excise Taxes and Notice of Appeal.
>
> . . . .

3. Allowing the rule challenge and constitutional claim that Durham seeks to pursue in its proposed First Amended Complaint would result in undue confusion because these claims involve different bodies of law, would be subject to different briefing schedules, and ultimately would require a bifurcation of the issues.

4. Durham may raise any issues it believes were not addressed by the Washington Supreme Court in *First Student* [II] or bring a rule challenge, but those issues must be [brought] in a separate cause of action apart from this case, and the rule challenge must be brought in yet another cause of action.

CP at 247.

Durham appealed the superior court's order but later agreed to dismiss the action.

C.      CURRENT ACTION

In December 2020, Durham filed a complaint for "refund of excise taxes and notice of appeal; and petition for declaratory judgment." CP at 1. In its new complaint, Durham alleged that the Department's administration of the PUT was unconstitutional because it "single[d] out school bus operators for different treatment than other transportation providers." CP at 7. Durham also challenged Rule 180, seeking a declaratory judgment that Rule 180 was invalid because it violated equal protection, exceeded the Department's statutory authority, and was arbitrary and capricious. Durham requested a refund "of all service and other B&O taxes paid by Durham for providing transportation services to school districts during the January 1, 2016 to December 31, 2016 tax period." CP at 9.

1.      Motion for Summary Judgment

In October 2021, the Department moved for summary judgment, arguing that *First Student* II foreclosed Durham's claim to a refund of B&O taxes, Durham failed to meet the threshold requirements to bring a rule challenge, and Durham lacked standing under the Administrative

7

Procedure Act (APA). In June 2022, the superior court granted in part and denied in part the Department's motion for summary judgment. The court's order stated:

> The Court finds that there are no genuine issues of material fact in dispute with respect to Durham's refund claim, and that the Department is entitled to judgment as a matter of law on Durham's refund claim. The Court denies summary judgment to the Department with respect to Durham's rule challenge.

CP at 427.

### 2. Rule Challenge

In May 2024, the parties proceeded to a hearing on Durham's rule challenge.

Durham argued that Rule 180 "as drafted and administered by the Department does not apply the correct definition of 'for hire' consistently across all motor carriers." CP at 430. Specifically, Durham asserted that in *First Student* II, the Washington Supreme Court "accept[ed] the Department's interpretation of the term" "'for hire,'" which was the legal meaning where "motor vehicle operators only provide transportation for hire when the passengers pay the operator directly." CP at 429-30. Durham did not argue that school bus operators should be taxed under the PUT; rather, "treatment needs to be consistently applied across all similarly situated taxpayers." Verbatim Rep. of Proc. (VRP) at 10. Because the Department allegedly did not treat similarly situated taxpayers—i.e., motor carriers—consistently, Durham contended Rule 180 violated equal protection and was arbitrary and capricious.

In response, the Department again argued that Durham lacked standing under the APA to challenge Rule 180; the Washington Supreme Court did not actually adopt a definition of "for hire" in *First Student* II, nor did the PUT or Rule 180 create a single class of school bus operators; and Durham's arbitrary and capricious claim failed because the Washington Supreme Court held

that Rule 180 was a valid interpretation of RCW 82.16.010(6) and (12). The Department also noted that even if the superior court invalidated Rule 180, it would not change the tax classification for school bus operators.

The superior court issued an oral ruling. The court addressed Durham's standing and found that Durham had failed to establish the first and third elements of standing under the APA, known as the injury-in-fact test. The court ruled:

> Durham argues that it is prejudiced by [R]ule 180 because the [D]epartment does not apply the B&O tax to other transportation businesses that Durham contends must be classed with school bus operators pursuant to the reasoning of *First Student* [II]. But this argument fails for two reasons. Reason one is that *First Student* [II]'s narrow ruling does not require the reclassification that Durham suggests. Reason two is that it is the statute RCW 82.16.010 that is the basis for the [D]epartment's actions in classifying school bus operators like Durham School Services, not [R]ule 180. In other words, the prejudice that Durham [S]chool may experience or that it alleges flows not from [R]ule 180 but from the statute as construed under *First Student* [II].
>
> With respect to element three, redress, to have standing Durham . . . has to establish that a favorable judgment would substantially remedy the prejudice it experiences. Following *First Student* [II], for the reasons just explained, granting Durham's request to declare [R]ule 180 invalid would not redress its alleged injuries. School bus operators would continue to be singularly excluded from the definition of motor transportation businesses and urban transportation businesses under the statute pursuant to *First Student* [II].

VRP at 37-38.

The superior court declined to address Durham's constitutional claims based on Durham's lack of standing. The court then entered an order denying Durham's petition for declaratory judgment.

9

Durham appeals the superior court's summary judgment order denying Durham's tax refund request and order denying Durham's declaratory judgment petition to have Rule 180 declared as violative of due process and arbitrary and capricious.

ANALYSIS

Durham argues the superior court erred when it concluded that Durham lacked standing to challenge Rule 180. Durham also argues the superior court erred when it denied Durham's request for a tax refund. We disagree.

A.     LEGAL PRINCIPLES

"'Standing generally refers to a particular party's right to bring a legal claim.'" *Benton County Water Conservancy Bd. v. Dep't of Ecology*, 3 Wn.3d 59, 66-67, 546 P.3d 394 (2024) (quoting *Wash. State Hous. Fin. Comm'n v. Nat'l Homebuyers Fund, Inc.*, 193 Wn.2d 704, 711, 445 P.3d 533 (2019)). Under the APA, a party has standing "to obtain judicial review of agency action if that person is aggrieved or adversely affected by the agency action." RCW 34.05.530. A party is aggrieved or adversely affected if three conditions are met:

> (1) The agency action has prejudiced or is likely to prejudice that person;
> (2) That person's asserted interests are among those that the agency was required to consider when it engaged in the agency action challenged; and
> (3) A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the agency action.

RCW 34.05.530. The first and third prongs are considered the "'injury-in-fact'" test and the second prong is called the "'zone of interest'" test. *Benton County Water Conservancy Bd.*, 3 Wn.3d at 67 (internal quotation marks omitted) (quoting *Allan v. Univ. of Wash.*, 140 Wn.2d 323,

327, 997 P.2d 360 (2000)). The party seeking review bears the burden of establishing standing. *Id.* We review issues of standing de novo. *Id.*

Here, at issue is whether Durham established an injury-in-fact. The injury-in-fact test addresses prejudice and redressability of the alleged harm. *Id.* To demonstrate prejudice, a party must show that "the agency decision caused some specific and perceptible harm." *Sarepta Therapeutics, Inc. v. Health Care Auth.*, 19 Wn. App. 2d 538, 550, 497 P.3d 454 (2021), *review denied*, 200 Wn.2d 1030 (2023). The harm must be immediate, concrete, and specific. *Benton County Water Conservancy Bd.*, 3 Wn.3d at 69. "'Conjectural or hypothetical injuries are insufficient to confer standing.'" *Sarepta Therapeutics*, 19 Wn. App. 2d at 550 (quoting *Freedom Found. v. Bethel Sch. Dist.*, 14 Wn. App. 2d 75, 86, 469 P.3d 364 (2020), *review denied*, 196 Wn.2d 1033 (2021)). "The 'mere fact that an unfavorable result could become precedent to [the party's] potential future litigation' is not sufficient injury-in-fact to a cognizable interest." *Benton County Water Conservancy Bd.*, 3 Wn.3d at 69 (alteration in original) (quoting *Freedom Found.*, 14 Wash. App. 2d at 89-90).

In addition to prejudice, a party must also show "that a judgment in their favor 'would substantially eliminate or redress the prejudice . . . caused or likely to be caused by the agency action.'" *Id.* at 76 (alteration in original) (quoting RCW 34.05.530(3)). The redressability must be likely, as opposed to speculative. *Id.* "Redressability is more difficult to show when the 'government action . . . being challenged is directed at a third party rather than the party asserting injury.'" *Id.* at 77 (alteration in original) (quoting *KS Tacoma Holdings, LLC v. Shorelines Hr'gs Bd.*, 166 Wn. App. 117, 136, 272 P.3d 876, *review denied*, 174 Wn.2d 1007 (2012)).

Under the PUT, a "motor transportation business" is "the business (except urban transportation business) of operating any motor propelled vehicle by which persons or property of others are conveyed for hire." RCW 82.16.010(6). An "urban transportation business" is "the business of operating any vehicle for public use in the conveyance of persons or property for hire, insofar as (a) operating entirely within the corporate limits of any city or town, or within five miles of the corporate limits thereof, or (b) operating entirely within and between cities and towns whose corporate limits are not more than five miles apart or within five miles of the corporate limits of either thereof." RCW 82.16.010(12).

RCW 82.16.010(6) and (12) exclude school bus operators (i.e., school bus operators do not fall under the definition of "motor transportation business" or "urban transportation business" under the PUT). *First Student* II, 194 Wn.2d at 719. Thus, the PUT does not apply to school bus operators. Instead, school bus operators are taxed under the B&O "service and other activities" tax classification. *See generally* RCW 82.04.290; WAC 458-20-224(2), -180(5)(a).

Durham does not challenge either RCW 82.16.010(6) or (12). Instead, Durham challenges the Department's Rule 180, which interprets the PUT statutes and provides in relevant part:

> Motor and urban transportation include the business of operating motor-driven vehicles, on public roads, used in transporting persons or property belonging to others, on a for-hire basis. These terms include the business of
>
> . . . Operating taxicabs, armored cars, and contract mail delivery vehicles, but do not include the businesses of operating auto wreckers or towing vehicles (taxable as sales at retail under RCW 82.04.050), school buses, ambulances, nor the collection and disposal of solid waste (taxable under the service and other activities B&O tax classification).

WAC 458-20-180(5)(a).

12

B.     DURHAM FAILS TO ESTABLISH INJURY-IN-FACT

Durham argues that it has standing to challenge Rule 180 because the rule allegedly violates its equal protection rights, and the alleged violation is a per se invasion of Durham's "legally protected interests." Br. of Appellant at 19. Durham asserts its injury can be remedied "by striking down the offending portions of the rule." Br. of Appellant at 19.

The Department argues that Durham fails to establish standing because there is no agency action that erroneously imposed the B&O tax on Durham. The Department also argues that Durham does not challenge the constitutionality of RCW 82.16.010, which is what actually excludes school buses from the definitions of motor and urban transportation businesses. Finally, the Department argues that invalidating Rule 180, or portions of Rule 180, would not change anything about how Durham is currently taxed. We agree with the Department.

1.     Prejudice

We must first assess whether there has been an agency action that has prejudiced Durham or is likely to prejudice Durham. RCW 34.05.530(1). Durham argues that it suffers prejudice based on the Department's administration of Rule 180, which purportedly results in an equal protection violation.

Rule 180 is one of the Department's interpretative rules implementing the PUT statutes, including RCW 82.16.010(6) and (12), which define "motor transportation business" and "urban transportation business," respectively. *See generally* RCW 82.16.010; WAC 458-20-179.

To the extent there is an "agency action," it is the Department taxing motor and urban transportation businesses under the PUT while taxing Durham and other school bus operators under the B&O tax. WAC 458-20-180(5)(a), -224(2); RCW 34.05.530(1). This classification was

affirmed by the Washington Supreme Court in *First Student* II, wherein the court construed RCW 82.16.010(6) and (12) to exclude school bus operators. *First Student* II, 194 Wn.2d at 719. Durham does not claim that the Department erroneously applies B&O tax to Durham's activities— in fact, Durham agrees that it is taxed under the proper classification. Thus, because Durham agrees that it is taxed properly under the B&O tax, it follows that there is no prejudice against Durham.

Durham argues that the Department's interpretation of the PUT in Rule 180 violates equal protection and that an equal protection violation is a "*per se* violation" of its legally protected interests, which establishes its injury-in-fact. Br. of Appellant at 17 (emphasis in original). However, Durham offers no legal support for this proposition. Even if Rule 180 is unconstitutional, to prove standing, Durham must still establish that it is "aggrieved or adversely affected," meaning Durham must show that the Department's action caused Durham a "specific and perceptible harm." RCW 34.05.530; *Sarepta Therapeutics*, 19 Wn. App. 2d at 550. Durham fails to do so. The harm Durham alleges is, in essence, that *other* motor transportation businesses are taxed incorrectly, and therefore, because Durham is correctly taxed at a higher rate, it is harmed. The fact that others may be taxed incorrectly does not automatically establish that Durham has been harmed. *See Benton County Water Conservancy Bd.*, 3 Wn.3d at 69-70; *Sarepta Therapeutics*, 19 Wn. App. 2d at 550. And Durham fails to identify any specific harm it has experienced because others are taxed at a different rate.

Moreover, as the superior court correctly stated in its order denying Durham's petition for declaratory judgment, the exclusion of school bus operators from the PUT arises from the statute, not Rule 180. *First Student* II, 194 Wn.2d at 719 (stating, "We resolve this ambiguity in favor of

14

the long-standing interpretation that school buses are excluded from the definitions of 'motor transportation business' and 'urban transportation business' under *RCW 82.16.010(6) and (12)*." (Emphasis added)). Durham does not challenge RCW 82.16.010.

Because Durham fails to show it suffered a specific and perceptible harm and because Durham agrees it is taxed under the correct taxation scheme, Durham fails to establish prejudice.

2.      Redressability

Durham argues that "striking down the offending portions of Rule 180" would redress the alleged equal protection violation. Br. of Appellant at 19. We disagree.

To establish injury-in-fact, Durham must also show "that a judgment in their favor 'would substantially eliminate or redress the prejudice . . . caused or likely to be caused by the agency action.'" *Benton County Water Conservancy Bd.*, 3 Wn.3d at 76 (alteration in original) (quoting RCW 34.05.530(3)). For the reasons discussed above, Durham fails to establish prejudice. But even if Durham demonstrated prejudice, Durham fails to show how invalidating portions of Rule 180 would redress its alleged equal protection violation.

As discussed above, the exclusion of school buses from the definitions of motor and urban transportation businesses under the PUT arises from the statute. *First Student* II, 194 Wn.2d at 719. Thus, even if this court invalidated Rule 180(5)(a), nothing about Durham's current taxation obligation changes. School bus operators would still be excluded from the statutory definitions of motor and urban transportation businesses based on the holding in *First Student* II. *Id.* School bus operators would still be subject to the service and other activities B&O tax.[5] WAC 458-20-

---

[5] Durham does not challenge Rule 224, which addresses B&O tax classifications.

224(2). Furthermore, invalidating Rule 180(5)(a) would not necessarily subject other motor and urban transportation companies to the B&O tax—it would only render the statutory definitions under RCW 82.16.010 potentially more ambiguous. Accordingly, Durham cannot show how a judgment in its favor would redress its alleged injury. RCW 34.05.530(3).

Because Durham fails to establish that an agency action has prejudiced it and fails to show how a judgment in its favor would redress any prejudice, we hold that Durham cannot prove an injury-in-fact. RCW 34.05.530. Because Durham cannot prove an injury-in-fact, we hold that Durham fails to establish standing under the APA. *Benton County Water Conservancy Bd.*, 3 Wn.3d at 66-67. Accordingly, we affirm the superior court.[6]

C.     TAX REFUND

1.     Legal Principles

We review summary judgment orders de novo. *Aventis Pharms., Inc. v. Dep't of Revenue*, 5 Wn. App. 2d 637, 641, 428 P.3d 389 (2018). "'Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Sheehan v. Cent. Puget Sound Reg'l Transit Auth.*, 155 Wn.2d 790, 797, 123 P.3d 88 (2005)); *see also* CR 56.

In claims for tax refunds, the taxpayer bears the burden "to prove that the tax paid was incorrect and prove the correct amount owed." *Dynamic Res., Inc. v. Dep't of Revenue*, 21 Wn. App. 2d 814, 819, 508 P.3d 680 (2022). "Tax refunds are not mandated when a statutory scheme

---

[6] As Durham cannot establish standing in its challenge to Rule 180, we do not address the merits of Durham's challenge to that rule.

is found to be unconstitutional except when taxes were collected in violation of the constitution." *Associated Grocers, Inc. v. State*, 114 Wn.2d 182, 190, 787 P.2d 22 (1990), *cert. denied*, 498 U.S. 1023 (1991).

2.      Durham is Not Entitled to a Refund

Durham argues that because its equal protection rights have been violated, it is entitled to receive a refund of the B&O taxes it paid. The primary case Durham relies upon for its refund claim is *Digital Equipment Corporation v. Department of Revenue*, in which an entire tax scheme had been declared unconstitutional by the United States Supreme Court. 129 Wn.2d 177, 181, 916 P.2d 933 (1996) (plurality opinion), *cert. denied*, 520 U.S. 1273 (1997).

In *Digital Equipment*, the Washington Supreme Court stated that, in such cases, "[t]o provide relief consistent with federal due process principles," there are different possible remedies to a taxpayer, including "'meaningful backward-looking relief to rectify any unconstitutional deprivation,'" which *could*—but not necessarily—take the form of a tax refund. *Id.* at 189-90 (internal quotation marks omitted) (quoting *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 101, 113 S. Ct. 2510, 125 L. Ed. 2d 74 (1993)). However, the party, Digital Equipment, conceded that it had not suffered any injury under the unconstitutional tax scheme at issue. *Id.* at 192. Because it suffered no injury, the Washington Supreme Court held it was not entitled to relief. *Id.* at 193.

Here, as noted above, Durham agrees that it is properly taxed under the B&O service and other activities classification. Thus, the Department's collection of taxes was proper. Because the Department's collection of taxes was proper, the superior court did not err when it granted summary judgment in favor of the Department regarding Durham's tax refund claim.

17

No. 59934-1-II

CONCLUSION

We hold that the superior court did not err and affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, P.J.

We concur:

_____
Glasgow, J.

_____
Che, J.

18